[Civ. No. 4145.   Third Appellate District.—November 1, 1930.]

ARTHUR WAKEFIELD, Respondent, v. WALTER HORN et al., Appellants.

George W. Howe for Appellants.

John L. Childs and J. F. Coonan for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The plaintiff had judgment for damages to a truck owned by him, resulting from a collision with an automobile driven by the defendant Mary Horn. From this judgment the defendants Horn appeal.

The record shows that just preceding the collision the plaintiff was driving a truck from a private road on to the highway known as and called the "Roosevelt Highway", leading to Crescent City. At the time the plaintiff drove on to the highway in question and turned to the right, facing Crescent City, the defendant was driving her car in the direction of Crescent City, and was, at said instant of time, about 255 feet distant from the private road just referred to. The defendant was driving on the Roosevelt highway, as stated, in the direction of Crescent City. At the time of the impact of the two cars, the record shows that the right-hand wheels of the plaintiff's truck were within a foot of the extreme right-hand side of the improved highway. While the truck was in this position, it appears that the defendant Mary Horn drove her car so close to the plaintiff's truck as to come in contact with the left fore-wheel thereof, damaging the truck to the extent found by the trial court. The record shows that at the time the truck was driven upon the highway, the defendant's car, then traveling on the right-hand side of the highway, turned to the left side thereof. Measurements were made of these tracks, and thus the distance was shown as above stated.

The cause was tried without a jury, findings were waived, and judgment entered by the court, assessing damages in the sum of $695.75. The defendants filed a cross-complaint, and the Insurance Company filed a complaint in intervention. There are no specifications of error; no argument is made by appellants that the testimony is insufficient, and the only point made is that at the time the truck emerged from the private road to the highway, that the defendant Mary Horn, driving her car as aforesaid, had the right of way. This is based upon the provisions of subdivision b of section 131 of the California Vehicle Act of 1927, which then read: "The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on said public highway."

The argument is made that irrespective of the distance between the approaching car driven by the defendant Mary Horn and the private highway on which the truck was emerging, said provisions gave the defendant the right of way. The subdivision of the section, however, is not susceptible of any such interpretation. If interpreted literally as the subdivision reads, or as it then read, no one could ever drive from a private road upon a public highway if anyone were approaching upon such highway, irrespective of the distance. The subdivision must be construed to give effect to the intent of the legislature, which was to prevent automobile drivers on private roads, from entering a public highway when a car was approaching upon such highway so near as to constitute an immediate hazard, and not that no one should enter upon a public highway from a private road or driveway so long as the public highway was in use. The subdivision of the California Vehicle Act has been amended so that its language conforms to the construction which we have here given. At the time the plaintiff's truck was driven upon the highway, the automobile belonging to the defendants was distant 255 feet. No question is raised but that the automobile was sufficiently distant to enable the speed of the automobile to be slackened; the testimony showing that it was running between 35 and 40 miles an hour. Likewise, the testimony is clear that there was ample space for the defendant's car to have been driven to the left of the plaintiff's truck without coming in contact therewith.

Under these circumstances this appeal appears to be wholly without merit, and the judgment is affirmed.