[Civ. No. 1225.   Fourth Appellate District.—June 24, 1933.]

MYRTLE  E.  McLELLAN  et  al.,  Respondents,  v. F.  COCOLA  et  al.,  Appellants.

Ray W. Hays for Appellants.

G. L. Aynesworth for Respondents.

ANDREWS, J., *pro tem.*—This appeal is from a judgment entered upon the verdict of a jury. The plaintiffs sued as the widow and children of the deceased husband, who was killed in the automobile collision involved in this action. The road at the point of the impact was paved to the width of 24 feet and had oiled shoulders on each side to the width of 8 feet. The time of the occurrence of the accident was about 8:30 o'clock at night. The deceased was driving a Buick passenger automobile in an easterly direction and defendant F. Cocola was driving a heavy truck loaded with about 4 tons of grapes in a westerly direction. As a result of the impact the left front of the truck was damaged, the left front wheel broken off, and the front bumper badly twisted. The truck swerved down across its left side of the highway and landed against a bank adjoining the road. The Buick automobile was wrecked completely from the driver's position to the rear part, the front fenders and bumper not showing serious damage.

The contention of defendants is that the evidence shows conclusively and as a matter of law that the driver of the Buick car was guilty of contributory negligence and defendant Mastro makes the further claim that the evidence does not establish liability on his part because the only deduction which can be drawn would be that he was not interested in the truck in question or the grapes which were being

transported; that he was not a partner of the driver of the truck, and that no basis for liability as against him is established.

1. The claim of contributory negligence is predicated upon two grounds: (a) That the driver of the Buick automobile was not driving as closely as practicable to the right-hand edge of the highway as required by section 122 of the California Vehicle Act, and (b) that the driver of the Buick automobile was not observing where he was driving and was driving at an excessive and unlawful rate of speed. The section referred to reads as follows: " . . . In driving upon the right half of a highway the driver shall drive as closely as practicable to the right hand edge or curb of the highway except when overtaking or passing another vehicle, or when placing a vehicle in position to make a left turn.''

The contention of defendant upon this branch of the subject is that the testimony of the driver of the truck and the witness John Mastro who was riding with him, the only eye-witnesses of the occurrence, shows that while the truck was being driven on its own side of the road at a speed of about 25 miles per hour, the Buick which they had observed approaching at a rate of speed which they estimated at 45 or 50 miles per hour, suddenly swerved to the left and ran into the front of the truck, deflecting it from its course and leaving it out of control, whereby it swung down to the left across the highway, landing on a dirt embankment about 50 feet from the point of impact; that the Buick automobile, after the accident, and after the driver was thrown out at the point of contact, proceeded more than 100 feet along its course and landed against an embankment on the side of the highway upon which it was traveling; that the marks and indications of the accident left upon the pavement were all at or near the center of the highway, indicating that the collision took place on the center line of the road, and demonstrating by these physical facts, that the Buick was driven, not close to the right-hand edge of the highway, but close to or across the center of the highway.

In weighing the testimony of the driver of the truck and the witness who was riding with him, the jury were entitled to take into account the interest which these witnesses had in the result of the suit and their natural bias, if any, in favor of the defense, and were also required to

determine the effect of other testimony tending to impeach the credibility of these witnesses. They also may have weighed the testimony in the light of its inherent probable truthfulness, considering its reasonableness and the controlling force of the physical evidence shown to exist on the cars and pavement.

The witness W. A. Heimann, a hardware merchant, who was driving along the highway, came upon the scene almost immediately after the accident. He took the driver of the truck and the witness Mastro with him to the next town where they asked to be taken to see a doctor. This witness testified that Cocola told him he did not know how the accident happened, it was so sudden, and that Mastro was asleep and did not see the accident. He also testified that Mastro said he was asleep and did not see what occurred.

In their testimony several witnesses described the debris remaining after the accident as being strewn along the outside portion of the highway on the side which the Buick machine was traveling with very little of such evidence at or near the center of the highway. The physical marks demonstrating whatever deduction could be properly made from them were testified to by many witnesses and were the principal issues of the case. Photographs illustrating the various claims of the parties form a part of the transcript.

One of the contentions of the plaintiffs, which there was evidence tending to support, was that the truck, at the time of the accident, had veered from its own side over several feet from the center, on to the side of the road upon which the Buick car was traveling and in so doing ran into the side of the Buick car, the theory being that the driver had lapsed into sleep momentarily. No interpretation of the evidence left upon the pavement can amount to demonstration, as a matter of law, of what did actually take place. If the truck did cross the center line and run into the Buick, it is impossible to say where the Buick was traveling with reference to the center or the outside edge of the road. It was peculiarly an issue for the jury to determine.

It is also the province of the jury to determine from all the evidence in the case and the condition of the highway, whether or not the driver of a vehicle drove ''as closely as practicable to the right-hand edge or curb of the high-

way'' at the time of the accident as required by section 122 of the California Vehicle Act. A jury, called upon to apply the statute to a particular case, must be guided by the well-settled rule that what a man of ordinary prudence would have done under the circumstances would be considered a practicable compliance with the law.

It will, therefore, be impossible to find as a matter of law, either from the direct testimony of the witnesses or from the surrounding circumstances and evidence of physical facts, just where the Buick car must have been traveling or whether such position would be in violation of the statutory requirement.

■ Upon the question of contributory negligence arising from want of attention and excessive speed, the presumption is that a deceased person killed in the operation of a car, whose conduct in its management is involved in litigation, has exercised those instincts of self-preservation which are inherent in human nature and did the acts which he was required to do in a careful and prudent manner. So far as affirmative evidence as to the speed of the Buick automobile is concerned there is none to indicate a rate beyond that permitted by law except the testimony of the driver of the truck who made an estimate of from 45 to 50 miles per hour. One witness, who was driving a car in the same direction at the rate of about 35 miles an hour and whose car the Buick automobile passed not long before the accident, estimated the speed of the Buick at 40 to 45 miles per hour.

The real contention of the defendants in this connection is that the evidence of what took place at the time of the collision, the way in which the truck was thrown out of its line of travel and the distance the Buick ran after the impact, indicates a much greater speed than the legal rate. This sort of reasoning gets us into the region of pure speculation and leaves the question one for the jury and not for this or any other court. Upon the entire survey of the evidence the jury found the driver of the Buick car not guilty of contributory negligence and that finding cannot be disturbed.

■ 2. Defendant Mastro contended at the trial and here contends, and after the verdict made a motion which

involves the contention, that the evidence of his relationship with the truck driver involved in the accident does not justify any judgment against him. The apparent reason why the question of his liability was submitted to the jury arose out of the testimony given by Mr. Cocola, driver of the truck, in a deposition taken before the trial and introduced in evidence at the trial, in which the witness testified that defendant Mastro was his partner "in the grapes". He was not cross-examined in the taking of the deposition and did not undertake to explain the nature of their relations which he concluded was a partnership, or what their interests in the grapes in fact were.

On the trial of the case the other defendant Cocola and the defendant Mastro, as well as the defendant who had given the deposition, went at length into the business relationship between them and it developed that the arrangement under which the grapes were being handled did not amount to a partnership or any joint interest in common in the grapes being hauled at the time of the accident. This testimony which was elicited under prolonged examination and cross-examination was apparently so conclusive and uncontradicted that other evidence to rebut or in corroboration, which would have been possible, was not used, and was a complete and harmonious explanation of the testimony given by the defendant truck driver in the deposition. Notwithstanding this, and doubtless because of the testimony in the deposition, the question was submitted to the jury and the jury by its general verdict found against this evidence and that defendant Mastro was liable.

In the instructions given by the trial court to the jury there appears one reading as follows: "You are instructed that it is admitted by the pleadings in this case that all the defendants were operating the G. M. C. truck, which was being driven by F. Cocola, and if, under the instructions herein given you, you find F. Cocola liable, you shall likewise find the other defendants liable."

This instruction, relating to a condition of the record about which the jury would have no other knowledge, required a finding on their part of a fact not justified by the reference to the pleadings and left no alternative but to find against defendant Mastro if the other defendants were

found liable. The case was originally brought by plaintiffs against the two defendants Cocola, and Frank Mastro was not made a party but there were some John Does included in the title. Defendant Mastro was served long after the other defendants as a John Doe defendant, and doubtless because of the evidence in the deposition above referred to. The two defendants Cocola filed their answer December 18, 1931, in which, by not denying the fact that they were the owners of the truck in question, admitted that fact. Defendant Mastro filed his answer February 29, 1932, more than two months subsequent and after the case had been set for trial, and in his answer he denied all the allegations of that part of the complaint which related to the ownership of the truck by defendants.

Apparently the trial court gave the instruction without attention to the history of the pleadings. Upon the state of the evidence it might be a matter of some hesitation to say that this court would reverse the judgment as to Mastro upon the ground that no substantial evidence supported it but, with the error which was introduced into the case by this instruction, it becomes mandatory that, as to him, the judgment must be reversed, and in so doing it may be that substantial justice will be worked out.

The judgment of the trial court is sustained as to the defendants F. Cocola and M. Cocola and reversed as to defendant Frank Mastro.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 22, 1933, and the following opinion then rendered thereon:

THE COURT.—Respondents have filed a petition for a rehearing for the purpose and to the end that the judgment against Frank Mastro should also be affirmed.

█ It is contended that the court properly instructed the jury that it was admitted by the pleadings that all of the defendants were operating the truck in question, for the reason that an allegation in the complaint to that effect was denied by the defendant Mastro upon information or belief, and that such a denial was not sufficient to raise an issue

since the facts with respect thereto were within his personal knowledge.

Conceding such to be the general rule, a situation somewhat out of the ordinary here appears. The complaint which alleged that "the defendants were operating and driving a G. M. C. truck" on the occasion in question, named F. Cocola, M. Cocola, John Doe, and three other fictitious names, as defendants. Frank Mastro, sued as John Doe, later appeared by answer, in which the allegation referred to was denied on information or belief. At the trial, after introducing evidence to the effect that F. Cocola and M. Cocola owned the G. M. C. truck involved, the plaintiffs introduced evidence to the effect that Mastro was a partner of F. Cocola in the business in which the truck was being used at the time of the accident, and that he had an interest in the grapes being hauled. Later, the defendant Mastro introduced evidence to the contrary, the record of which, with the extensive cross-examination, is quite voluminous.

While the answer is technically lacking in the respect noted, it fully appears from the record that the parties acted upon the same as a denial of the allegation and as creating an issue, and that throughout the trial this was treated as a controversial issue of fact. Under such circumstances we think it was prejudicial error to give the instruction to which we have referred.

A further consideration is that the court gave conflicting instructions on this very issue. After instructing the jury that if they found F. Cocola guilty of negligence, which was the proximate cause of the collision, the court added: "then you shall find that such of the defendants as were responsible for the operation of said truck are liable", etc. Again, after giving the instruction as to the purported admission made by the pleadings, the court gave the following: "You are instructed that if you find from the evidence that F. Cocola and Frank Mastro were jointly interested in the grapes which were being transported in the Cocola truck, and that the same were being handled with Mastro's knowledge and approval, then said Frank Mastro is chargeable with and responsible for the acts and conduct of F. Cocola." All of these instructions were given at the request of the plaintiffs, and not only are they conflicting but the plaintiffs, by presenting evidence and asking for instructions

upon the issue of fact concerning the liability of defendant Mastro, waived any technical objection as to the failure of the answer to raise such an issue.

The petition for rehearing is denied.