[Civ. No. 5571.   Third Appellate District.—December 8, 1936.]

EVERETT KENNEDY, Respondent, v. M. J. BERG, Appellant.

Everts, Ewing, Wild & Everts and R. H. Reeve for Appellant.

C. Ray Robinson and James D. Garibaldi for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment of $1854 which was rendered against him for personal injuries received by the plaintiff as a result of negligence in an automobile collision which occurred at the intersection of streets in the town of Atwater.

It is contended the verdict and judgment are not supported by the evidence, chiefly because it is asserted the plaintiff was guilty of contributory negligence in attempting to cross the pathway of an approaching machine, at the intersection of streets, without first assuring himself that the turn could be safely made, as provided by section 130, subdivision (a), of the California Vehicle Act, and that the defendant's motions for a nonsuit and for a new trial were erroneously refused on the same ground.

There is no merit in the appeal. The state highway runs north and south through the town of Atwater. In the center of the town the highway is intersected at a right angle by Third Street. Both streets are sixty feet in width, and paved along the centers thereof for a width of twenty feet. They were straight and level for a considerable distance in both directions from the intersection. White painted lines and a conspicuous button marked the intersection.

The plaintiff operated a light Pontiac automobile, and the defendant, drove a heavier Oldsmobile sedan. Both parties were familiar with the streets of Atwater. The plaintiff had lived there for six months. The defendant was the local managing agent of the Northern Life Insurance Company and had driven through Atwater on an average of every ten days for some time past. Accompanying the defendant on the day of the accident was another agent of the same company, by the name of Rudd. December 13, 1934, at 9 o'clock in the morning, the plaintiff was driving south along the highway with the intention of turning to his left on Third Street to go to the postoffice. It had been raining that morning, and the pavement was wet. But it was not raining at the time of the accident. At that time the de-

fendant was approaching Atwater from the south. He was on his way from Fresno to Turlock. When the plaintiff reached a point about 100 or 150 feet northerly of the intersection, he observed the defendant approaching along the same highway from the south at a distance of approximately a hundred yards from the intersection. The plaintiff slackened the speed of his car to about 12 or 15 miles an hour, and extended his arm as a signal for a left turn on Third Street. The defendant was then running at the rate of 40 or 50 miles an hour. The plaintiff testified that when he started to make the turn the defendant's machine was "a hundred or a hundred and fifty feet back . . . " from the intersection, and that "it was so far off when I crossed, I didn't figure it would ever hit me". The plaintiff succeeded in making the left turn on his proper side of the street, and passed the button at the intersection when his machine was struck by the defendant's car just back of his right front wheel. The plaintiff said the force of the collision "tore it (his machine) all to pieces". He was hurled from his car and sustained a broken wrist and a fractured shoulder, together with numerous bruises and cuts. Mr. Walters, the chief of police of Atwater, corroborated the plaintiff in his statement that he retarded the speed of his car to about 10 or 15 miles an hour as he approached the intersection; that he properly extended his arm as a signal for the left turn and negotiated the turn on his proper side of the street, being struck after he had passed the center button by the defendant's machine, which was traveling at the rate of 40 or 50 miles an hour. The chief of police said that when the plaintiff's car was struck, "he flew out like he was catapulted out like from a gun and went up in the air and landed on the back of his head and shoulders".

Suit for damages was brought by the plaintiff. The cause was tried with a jury, which returned a verdict against the defendant. Judgment was rendered accordingly. From that judgment this appeal was perfected. The amount of the judgment is not challenged as excessive.

█ The verdict and judgment are adequately supported by the evidence. The defendant was driving his machine at an excessive rate of speed at the time of the accident. The plaintiff's car was in plain view for a distance of over

200 yards. The defendant had ample opportunity to observe that the plaintiff was attempting to make a left turn across his pathway. No other vehicles were in sight or obstructed the view. The plaintiff's car having first entered the intersection, the defendant was bound to yield the right of way pursuant to section 131 of the California Vehicle Act. (*Leblanc* v. *Coverdale*, 213 Cal. 654 [3 Pac. (2d) 312].)

The burden of proving that the plaintiff was guilty of contributory negligence for failure to wait until he could safely make a left turn at the intersection of the streets, pursuant to section 130, subdivision (a), of the California Vehicle Act, was upon the defendant. (*Huber* v. *Scott*, 122 Cal. App. 334 [10 Pac. (2d) 150].) The plaintiff testified to facts indicating that he had ample time to make the left turn ahead of the defendant's machine. He said, "It (defendant's car) was so far off when I crossed, I didn't figure it would ever hit me." This furnishes ample evidence to support the implied finding of the jury that the plaintiff was not guilty of contributory negligence in making the left turn. Certainly, under the evidence of this case, we may not hold him to have been guilty of contributory negligence as a matter of law.

Even though it appears that reasonable minds might differ as to whether the plaintiff could safely make the left turn at the intersection ahead of the defendant's machine, the verdict should be approved. The plaintiff had a right to assume the defendant would observe his effort to make the turn and that he would slacken the speed of his machine so as to permit him to do so. Under such circumstances this court is required to affirm the judgment.

It follows that the motion for a nonsuit and the motion for a new trial were properly denied.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.