[Civ. No. 5586.   Third Appellate District.—February 6, 1937.]

W. P. HARKEY et al., Respondents, v. EVA B. LUCKEHE, Appellant.

Charles A. Wetmore, Jr., and King & King for Appellant.

Seth Millington for Respondents.

PLUMMER. J.—This action arose out of an automobile collision in which the respondents sought damages from the appellant, and the appellant sought damages from the respondents. The verdict of the jury denied damages to either of the parties. From the judgment entered thereon denying damages to the appellant upon her cross-complaint, this appeal is prosecuted.

The record shows the following facts:

Just preceding the collision between the automobiles driven by the respective parties, the appellant was driving her automobile upon a public highway toward the city of Gridley, at a point about four miles distant therefrom. The plaintiff W. S. Harkey was driving an automobile belonging to his son, and was entering the highway referred to above from a private road. The plaintiffs allege that the appellant was driving at a rate of speed which constituted negligence, causing the accident. The appellant asserts she had the right of way, and that W. S. Harkey entered the highway without yielding the same. The appellant asserts that it became a question of fact as to whether appellant was driving at a rate of speed which constituted negligence on her part.

Upon this appeal the appellant relies solely for reversal upon the giving of three instructions alleged to be erroneous and prejudicial. These instructions are as follows, to wit:

"While a person on a road ordinarily has the right of way over a person entering from a driveway, nevertheless, that does not mean that a person entering from a private road must wait for a car to pass that is further away than the distance that such car on the road could drive is proceeding at the legal rate of speed. The legal rate of speed at the point where said accident occurred was in the 2nd day of October, 1934, forty-five miles an hour."

"While the driver of a motor vehicle is permitted to drive such vehicle at a speed of forty-five (45) miles per hour on a highway, if that driver exceeds forty-five (45) miles per hour, he is presumed to be negligent, but such presumption of negligence may be overcome and defeated by a preponderance of evidence that such excessive speed, if any, was careful and prudent under all the circumstances of the case."

"The driver of any vehicle who has stopped as required by law at the entrance to a through highway shall yield to the vehicle within the intersection, or approaching so closely on the through highway as to constitute an immediate hazard."

The first and second instructions copied herein should not have been given. ■ The first instruction set out herein given by the court is really meaningless, and also incorrectly states the legal speed limit as applied to a civil case charging the driver with negligence.

■ The second instruction is directly contrary to the provisions of section 113 of the California Vehicle Act, and of section 513 of the California Vehicle Code as the same now read. Both sections specify that driving in excess of the speed limit fixed in the code does not constitute negligence as a matter of law, and that the question of negligence in so driving must be established by testimony.

■ The third instruction relates to the duty of one who is about to drive from a side road, to stop before passing onto or through a through highway, and to yield the right of way to all vehicles within the intersection, or approaching so closely as to constitute an immediate hazard. This is a correct statement of the law, but its applicability in the present case does not appear to be shown, although the principle therein embodied is applicable to the present case.

Section 132 of the California Vehicle Act as it read at the time of the collision is as follows: "The driver of a vehicle entering a public highway from a private road or drive shall yield to all vehicles approaching on such public highway." This section has received the interpretation of this court in the case of *Wakefield* v. *Horn,* 109 Cal. App. 325 [293 Pac. 97], in which it is stated that the language of the section just referred to cannot be literally interpreted, but must be interpreted to give effect to the intent of the legislature which was to prevent automobile drivers on private roads from entering a public highway when a car was approaching upon such highway so near as to constitute an immediate hazard; and not that no one should enter upon a public highway from a private road or driveway so long as the public highway was in use." Any other interpretation would forever bottle up one approaching a through highway from a private road.

We may further add that the second instruction set forth herein, if it has any meaning, is favorable to the appellant, but as it is worded, we are inclined to the opinion that it was meaningless.

■ This leaves only the first instruction set forth herein for further consideration.

Not a word of testimony is called to our attention by the appellant indicating the rate of speed at which she was traveling, or how far away from the private road she was at the time W. (S.) Harkey drove from the private road and entered the highway upon which the appellant was driving.

The respondents, in their brief, quote the testimony of the appellant, to the effect that she was driving only twenty-five miles an hour, and that such is the only testimony in the case as to the speed at which the appellant was driving her automobile at the time of the collision. If this is true, and there is no contradictory testimony, the fact that the court fixed the legal speed limit at forty-five miles per hour, instead of being injurious to the appellant, really was favorable to her, to the extent of a possible additional speed limit of twenty miles per hour over that at which she testified she was driving.

Section 4½ of article VI of the Constitution reads: "No judgment shall be set aside, or new trial granted in any case on the ground of misdirection of the jury, . . . unless after

an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of had resulted in a miscarriage of justice.'' Not a scintilla of testimony is printed in the appellant's brief, or in any appendix thereto, purporting to show, or attempting to show, that the instructions referred to, even though admitted to be erroneous as stated, constituted prejudicial error, or in any way led to a miscarriage of justice. The testimony not having been printed by the appellant, it cannot be expected that this court will wade through some two hundred pages of typewritten matter to ascertain if there is any possible testimony or any other cause upon which a holding can be had that the appellant has been prejudiced by reason of erroneous instructions given to the jury.

The appellant cites the case of *Pilcher* v. *Tanner Motor Livery,* 138 Cal. App. 558 [33 Pac. (2d) 58]. A reading of that case, however, shows it is inapplicable. Under the testimony in that case it was held that the misdirection of the jury was prejudicial. Here we have no such basis for so holding.

The respondents in their brief set out the testimony of the appellant showing that the appellant saw the car driven by the plaintiff W. (S.) Harkey approaching upon the highway while she was some distance from the private road. Just how far, the testimony does not disclose. The testimony set forth in the respondents' brief also shows that the car driven by W. (S.) Harkey had entirely crossed the appellant's right-hand side of the highway, and was struck by the appellant's car just in front of the left rear wheel, indicating that the appellant was driving on the wrong side of the road at the time she observed the approach of the Harkey car. Her testimony is to the effect that she swung her car to the right, and yet struck the appellant's car on her left-hand side of the highway.

In the absence of testimony set out in appellant's brief, or as an appendix thereto, and likewise, in the absence of any testimony presented in this case by the briefs, we adopt the following taken from the opinion of the trial court in denying appellant's motion for a new trial, to wit: ''The evidence in this case may be summarized as follows: Plaintiff W. S. Harkey drove an automobile out of his private driveway, stopped, then proceeded very slowly to a point on the county

road, where it was struck by Mrs. Luckehe's automobile. He testified that he looked up and down the road before he started his car after stopping it; but the jury were warranted in believing that either he did not look at all or looked carelessly, for if he had looked carefully he should have seen Mrs. Luckehe's car, even if it was being driven at an excessive rate of speed. Mrs. Luckehe testified that she did not see the Harkey car until she was almost upon it, but it appeared that it was driven about 20 feet before it reached the highway and for some distance on the paved portion, and the jury apparently concluded that Mrs. Luckehe would have seen it if she had been watching the road, for there was no obstruction between her and the Harkey car for that distance, though she testified that trees beyond the car obscured it. On the other hand, there was testimony to the effect that Mrs. Luckehe was traveling at an illegal rate of speed. Upon such a state of facts the jury brought in a verdict against all the parties to the action, in so far as damages were concerned. Manifestly they believed that both W. S. Harkey and Mrs. Luckehe were negligent.''

We do not deem it necessary to review the different cases cited by the respondents.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.