[Civ. No. 6024. Third Appellate District.—December 16, 1938.]

H. P. JANSEN, Respondent, v. M. SUGIYAMA et al., Appellants.

Robert H. Schwab, Walter T. Tsukomoto and Gerald M. Desmond for Appellants.

Lowell L. Sparks for Respondent.

PULLEN, P. J.—From a judgment by the court in favor of plaintiff awarding to him damages for personal injuries sustained in an automobile collision, defendants appeal.

Masayasu Sugiyama is a 20-year-old minor son of T. Sugiyama and M. Sugiyama. At the time of the accident he was driving the automobile belonging to his parents, with their consent. He also had an operator's license issued by the department of motor vehicles upon an application verified by the parents as provided by section 350 of the Motor Vehicle Code. The liability, therefore, of defendants Mr. and Mrs. Sugiyama was such as is imposed by the Vehicle Code. (Sec. 352.) Hereinafter when the word defendant is used it is understood we are referring to Masayasu Sugiyama.

The record discloses that shortly after midnight of January 3, 1937, Masayasu Sugiyama was driving a Ford sedan easterly along highway 40. Riding with the operator in the

front seat were two other boys, and in the rear seat were three girls, one a sister of defendant. These young people were returning from Penryn where they had attended a theater to their homes in Bowman. The night was clear, the highway dry, and for a considerable distance on either side from the point of collision the highway was straight and level with a white traffic line down the center. Within two hundred feet after defendant had emerged from the east portal of the Newcastle tunnel he saw the car of plaintiff some ten or fifteen feet off the highway on the south side, and almost directly in front of the Foothill Dairy plant. This building is approximately 926 feet east of the east portal of the tunnel. Defendant therefore was about 700 feet from plaintiff when he first saw his car.

Plaintiff, on this night, had left Auburn and was proceeding to his home in Lincoln. To reach Lincoln he traveled west on highway 40 to a point near the Newcastle tunnel, where the Lincoln road turns southwesterly from highway 40 about 680 feet east from the tunnel portal, and about 250 feet west of the Foothill Dairy. Plaintiff had turned his car to the left and crossed highway 40 to enter the Lincoln road, but in the darkness had missed the junction of the two highways and had retraced his course easterly a short distance until he had come in front of the Foothill Dairy. He then recognized where he was, and had stopped and lighted a cigar, and was preparing to turn his car across the highway and return to the point of divergence of the Lincoln road. He glanced in his rear view mirror and saw approaching the car of defendant, which was then some 300 or 400 feet distant. He then made a quick turn across the highway and had entered the west line of traffic, and had proceeded slowly about 10 feet westerly along the highway when defendant suddenly swerved from the south lane, crossed the white line and struck the car of plaintiff, causing the injuries here complained of.

It is the contention of defendant that plaintiff was guilty of contributory negligence, and that the evidence was insufficient to support the finding of negligence against appellant. We believe that in this contention appellant is in error, and that the summary made by the trial court is entirely correct, where it is said:

''That the collision occurred between the two cars on the date and at the place alleged and that plaintiff was severely injured is not questioned; but defendants contend that no negligence on the part of defendants has been shown and contend that the collision resulted from plaintiff's having driven the car from a point on the south side of the road across the highway and in front of defendants' car and while plaintiff's car was proceeding and facing the north, and that defendants' car was traveling in an easterly direction and on its proper side of the highway. Plaintiff contends, however, and the evidence clearly shows that at the time of the collision his car had crossed from the south side of the highway to the north side of the highway into his proper right side lane and that his car was entirely on the north side of the white center line facing the west, and that he was traveling westerly in low gear waiting for defendants' car, which was traveling east and on the south side of the white line, reached a point almost opposite plaintiff's car, without any warning, necessity, or apparent reason, defendant swerved his car to the left, resulting in the front of his car striking the left front end of plaintiff's car, all on plaintiff's side of the center line. The minor defendant operator of the car, admits that he saw plaintiff's car continuously from the time that he was at a point 200 feet east of the tunnel until he reached and collided with the plaintiff's car, a distance of over 700 feet, and that the weather was clear, the highway dry, and there was nothing to obstruct his view. Without here undertaking to set forth all the evidence, suffice it to say, although the testimony was more or less conflicting, the contention of plaintiff is clearly supported by a preponderance of the evidence, both the oral testimony and the physical evidence. It is quite clear that plaintiff is entitled to recover.''

Appellants seem to confuse somewhat the condition of the highway in front of the dairy plant by referring to a private lane or way. The record indicates that at this point the dairy buildings are set back some 40 feet from the paved portion of the highway, and that the area between the pavement and the dairy plant is smooth and is in fact a wide portion of the road or an extended shoulder, if it might be so termed. The car of plaintiff standing some 12 or 14 feet from the pavement was at all times clearly in view of the

oncoming car of defendant. It is also to be recognized that the collision did not occur as plaintiff was turning, but occurred after plaintiff had traversed across the path of the east bound traffic, and was struck only after it had crossed the white center line and into the channel of westerly traffic, and when he was proceeding slowly in a westerly direction.

Appellants in effect contend it was the duty of plaintiff to yield the right of way to appellant irrespective of the distance.

In *Wakefield* v. *Horn*, 109 Cal. App. 325 [293 Pac. 97], section 131 of the California Vehicle Act of 1927 was under consideration, which was substantially the same as the present law as expressed in section 553 of the Vehicle Code. The court there held that the section was intended to prevent automobile drivers on private roads from entering a public highway when a car was approaching upon such highway so near as to constitute an immediate hazard. If the rule were otherwise one could not drive from a private road on to a public highway irrespective of the distance of an approaching car. It is only when such car is approaching so near as to constitute an immediate hazard that one may not emerge from a private way onto the highway.

To the same effect is *Harkey* v. *Luckehe*, 19 Cal. App. (2d) 130 [65 Pac. (2d) 77].

The trial court has determined the facts upon conflicting evidence. We are satisfied no error has been committed.

The judgment is affirmed.

Thompson, J., concurred.