[Civ. No. 13716.   Second Dist., Div. One.   Feb. 18, 1943.]

CLYDE LEONARD SHANNON, Appellant, v. JOHN A. THOMAS, JR., Respondent.

[Civ. No. 13717.   Second Dist., Div. One.   Feb. 18, 1943.]

DOROTHY F. SATT, Appellant, v. JOHN A. THOMAS, JR., Respondent.

Max Fink and Ray Sandler for Appellants.

Lasher B. Gallagher for Respondent.

WHITE, J.—These actions were instituted to recover damages on account of personal injuries and property damage sustained by plaintiff Clyde Leonard Shannon, and bodily injuries sustained by plaintiff Dorothy F. Satt in an automobile accident. The cases were consolidated for trial which was had before a jury. At the conclusion of plaintiffs' case defendant moved for a nonsuit upon the ground that each plaintiff was guilty of negligence as a matter of law and further, that as a matter of law such negligence proximately contributed to their injuries and damage. This motion was denied by the court. Following completion of all the evidence defendant moved the court for a directed verdict upon all the grounds urged in support of the motion for a nonsuit. This motion was also denied. After submission of the cause to the jury a verdict was returned for plaintiff Shannon in the sum of $5,000 and for plaintiff Miss Satt in the sum of $100. Following rendition of the verdicts and before entry of judgments thereon, defendant moved the court for judgment notwithstanding the verdicts, basing such motion upon each and all of the grounds stated in the motion for a nonsuit. Judgment was stayed pending determination of the last named motion which was submitted to the court on briefs. Thereafter the motion for judgment notwithstanding the verdicts was granted and accordingly judgment entered in each case in favor of defendant. It is the correctness of such ruling that is challenged by plaintiffs on this appeal.

The complaints charged that the damage suffered by plaintiffs was occasioned by the negligent operation of defendant's automobile and the answer of the defendant in each case in general denied the allegations of the complaints and as a further, separate affirmative and special defense alleged that each plaintiff was guilty of contributory negligence.

For a proper understanding of the questions involved on this appeal, the facts of the case may be thus epitomized:

The accident happened about three o'clock on the morning of October 26, 1940. About three hours prior to this time plaintiff Shannon was preparing to drive Miss Satt from his home, where she was a visitor, to her residence but discovered that the battery on his automobile was low and would not turn the motor over and as a result of which he could not start the automobile with the self-starter. He attempted to push it but it was standing upon an incline in the driveway of his home and he was unsuccessful. With the assistance of a truck plaintiff Shannon was finally enabled to start his vehicle and proceeded on his way to transport his co-plaintiff to her home. En route they stopped at Noble's Drive-in Restaurant which is located on Huntington Drive in the county of Los Angeles. The automobile was driven over the driveway on to the restaurant premises and parked on what was described by plaintiff Shannon as "a good, smooth hard pavement." After spending some twenty minutes in the restaurant both plaintiffs returned to the automobile where they encountered the same difficulty in starting it as confronted them previously at plaintiff Shannon's home. With plaintiff Miss Satt occupying the right-hand seat of the automobile plaintiff Shannon, in an effort to start the motor, pushed the automobile from the rear toward Huntington Drive but it stopped before reaching the street. At this point plaintiff Shannon again got into the automobile, attempting to start it with the self-starter but to no avail. He thereupon turned on the automobile lights, asked Miss Satt to move over to the driver's seat, take the steering wheel while he got out of the vehicle and from the rear thereof again pushed the same out on to Huntington Drive. Just as the automobile was entering the highway it stopped again and while part of it was on the highway and the rear of it was upon the restaurant driveway plaintiff Shannon testified he looked to the right, or east, and to the left, or west, on Huntington Drive which afforded him a view of some three blocks and did not see any vehicles approaching from either direction. He then continued from a position at the rear and to the right of the lighted rear light to push the automobile out on to the highway with his co-plaintiff steering it. While engaged in thus pushing the automobile plaintiff Shannon was leaning forward against the rear end of the vehicle "looking more to the ground, but never at any time looking

to the east'' from the time he last started pushing the automobile after surveying the highway to the east and west. Plaintiff's automobile was pushed out on to the highway and over a few feet beyond the so-called white center line of Huntington Drive and the vehicle was ·facing slightly toward the north curb of the highway when while plaintiff Shannon was pushing it as aforesaid the automobile driven by defendant and coming from the east collided with the rear of plaintiff Shannon's automobile injuring him and plaintiff Miss Satt who was steering the automobile.

Plaintiff Dorothy F. Satt testified that as the car she was piloting passed the south curb line and on to Huntington Drive she looked and could see for a distance of two blocks east and west of such highway; that she saw no other automobiles coming in either direction. She testified that from· this point plaintiff Shannon pushed the automobile and that it was thereafter continuously in motion until the impact took place. With reference to the headlights on defendant's automobile, plaintiff Miss Satt testified ''I saw the lights on Mr. Thomas' car before the impact in the rear view mirror and they seemed to be about two blocks down the road.'' At the time this witness observed the lights of defendant's automobile the vehicle she was steering was in the northerly part of the south half of Huntington Drive and about ten or fifteen feet east of the point of impact. She further testified ''at the time I saw these lights coming from the east, my car was traveling about three to five miles an hour. The next time I saw the lights, there was a blinding flash of light in the rear view mirror and the impact occurred.'' Miss Satt further testified that when the collision occurred the automobile which she was steering ''was bumped forward in an upright position and went forward a distance of about one hundred feet.'' She also testified that ''up to the time of the impact I had been steering the car to the right in a gradual turn. I was trying to get the car up against the north curb.'' There was evidence in conflict with some of the foregoing testimony or from which inferences in conflict therewith could have been drawn. However, in reviewing the correctness of an order directing judgment notwithstanding a jury verdict, we must, in accordance with familiar rules (*Estate of Lances*, 216 Cal. 397, 400 [14 P.2d 768]; *Estate of Flood*, 217 Cal. 763, 768 [21 P.2d 579]) analyze the proof to determine whether it contains evidence

of sufficient substantiality to support the verdicts for plaintiffs, disregard the fact that there is a conflict in such evidence, and give full credit only to that portion of the evidence which tends to support the allegations contained in plaintiff's complaints. ▮ We cannot, nor was the trial court authorized, in determining the motion for judgment notwithstanding the verdicts, weigh the evidence or judge of the credibility of witnesses. ▮ As we construe section 629 of the Code of Civil Procedure, it is the duty of a reviewing court when passing upon an appeal from a judgment notwithstanding the verdict to read the testimony in the light most advantageous to the plaintiff; to resolve all conflicts in his favor and give to him the benefit of every fact pertinent to the issues involved which can reasonably be deduced from the evidence. If from such consideration it appears that there is substantial evidence to support every essential element of plaintiffs' case, the verdict of the jury cannot be set aside and a judgment notwithstanding the verdict is erroneous. ▮ In cases such as the one at bar, it is only when reasonable minds can draw but one inference, and that inference points inevitably to the negligence of plaintiff, contributing directly or proximately to his injuries, that the law will step in and forbid a recovery under the verdict. Preservation of the inviolable right of a litigant to a trial by jury is guaranteed by both the federal and state Constitutions, which accounts for the rule that it is only when it can be said as a matter of law that no reasonable conclusion is legally deducible from the evidence other than would sustain a verdict for the defendant, and that any other holding would be so lacking in evidentiary support that an appellate court would be impelled to reverse it upon appeal or a trial court set it aside, that a court is justified in taking the case from the jury and rendering the decision itself. (*Landers* v. *Cresecent Creamery Co.*, 118 Cal.App. 707, 714 [5 P.2d 934] ; *Reinders* v. *Olsen*, 60 Cal.App. 764, 767 [214 P. 268] ; *Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108 [291 P. 184] ; *Arundel* v. *Turk*, 6 Cal.App.2d 162 [44 P.2d 383].)

Upon this appeal, therefore, there is but one question to be determined by us and that is whether the appellants or either of them were as a matter of law guilty of contributory negligence which proximately contributed to their injuries.

If this question requires an affirmative answer, then recovery is barred.

As to appellant Shannon, respondent earnestly contends that he was guilty of contributory negligence in pushing his automobile from a position of safety on the premises of the drive-in restaurant out on to the public highway, with knowledge on his part that the battery on his vehicle was in such condition that the self-starter would not turn the motor over to start the vehicle. Aside from the provisions of the Vehicle Code, to which we shall later give consideration, we are not persuaded that appellant Shannon's conduct was such that reasonable minds could draw therefrom but one inference and that such inference points inevitably to negligence on his part that contributed proximately to his injuries. ■ Before proceeding out on to the highway appellant Shannon looked in both directions for approaching traffic and saw none; the lights on his vehicle, both front and rear, were lighted. We do not think it was his duty to turn constantly and repeatedly to observe the approach of possible vehicles from the rear when the drivers of such vehicles could plainly observe him in time to give warning or turn out to avoid a collision (*Blackwell* v. *Renwick*, 21 Cal.App. 131 [131 P. 94]). The situation here present is not akin to that which exists where a pedestrian is about to cross a street and thereby places himself in the path of danger or suddenly steps out in front of and in the path of an oncoming automobile or walks into the street or upon a railway track without looking at all as was the situation in several of the cases relied upon by respondent. ■ Where, as here, respondent's vehicle collided with appellant Shannon's car which was ahead of respondent there is a tendency to conclude that the driver of the overtaking vehicle was responsible for the collision (2 Cal.Jur. Ten-Year Supp. 299 and cases therein cited). ■ Believing as we do that the situation in the case at bar is one in which reasonable minds might draw different conclusions upon the question of negligence, bearing in mind that the issue of contributory negligence is always one of fact for the jury to decide under proper instructions, except in those cases in which, judged in the light of common knowledge and experience, there is a standard of prudence to which all persons similarly situated must conform, we are constrained to hold that the question as to whether appellant's automobile was

being pushed upon and along the highway in a prudent and careful manner was a factual question to be determined by the triers of fact. Much of what was said by this court in *Wright* v. *Ponitz,* 44 Cal.App.2d 215 [112 P.2d 25] is pertinent to the instant case.

With reference to the claims advanced by both appellants and respondent that some of the evidence given on behalf of the respective parties is inherently improbable because the so-called physical facts, supported by mathematical calculations, clearly demonstrate that the accident occurred by reason of the negligence of the other party thereto, we are not greatly impressed with these arguments for as was said in *Nagamatsu* v. *Roher,* 10 Cal.App.2d 752, 755, 756 [53 P.2d 174] ''there is no possibility of mathematical exactness in such testimony as to the position and speed of another car. As is well known, such estimates of speed and distance are only approximations and in the nature of things could not be exact. . . . As has been frequently pointed out in cases of this nature such arguments are unreliable because they fail to take into account the human element. . . . 'Perhaps there is nothing more certain about an automobile accident than the fact that the visible results afterward are not an infallible guide in determining what occurred.' '' Respondent's contention that appellant Shannon was doing on a through highway in the nighttime exactly the same thing which he could have done with absolute safety on the restaurant premises is answered by the statement that appellant's conduct simply presents a debatable question as to care and prudence, which by its verdict the jury resolved in his favor and against respondent's contention. It certainly cannot be said as a matter of law that the conduct of an automobile driver in pushing his vehicle along the highway and toward the right-hand curb in an effort to start it when his battery failed is not a legitimate and prudent use of the highway. As we view it the most that can be said is that such conduct may or may not amount to negligence according to the time, place and circumstances present, and is therefore a question for determination by the triers of fact.

However, respondent argues that by their conduct both appellants violated several provisions of the California Vehicle Act. In that connection it is urged that appellants transgressed the provisions of section 553 of the Vehicle Code

which requires the driver of a vehicle about to enter or cross a highway from a private road or driveway to yield the right of way to all vehicles approaching on said highway. We ourselves are not in agreement with respondent's claim in this regard because the record contains evidence that about the time appellants were entering the highway they looked thereon in both directions and saw no automobile on such highway in the direction from which respondent's vehicle later appeared. They then propelled their vehicle across the south half of the highway, made a left turn on the north side of the white middle line and were charting their course at an angle toward the northerly curb when the collision occurred. It is therefore obvious that the collision did not occur as appellants were "about to enter or cross a highway" from a private driveway but happened after appellant's automobile had been pushed beyond the path of the east bound traffic, it having been struck only after it had crossed the white center line and into the channel of the westerly traffic, and while proceeding in a general westerly direction (*Jansen* v. *Sugiyama*, 29 Cal.App.2d 717 [85 P.2d 476]). Furthermore, this section of the Vehicle Act must be construed in giving effect to the intent of the Legislature as having been adopted to prevent automobile drivers on private roads or driveways from entering a public highway when another vehicle was approaching upon such highway so near as to constitute an immediate hazard, or in other words, so long as such highway was in use. This was not the case here (*Wakefield* v. *Horn*, 109 Cal.App. 325 [293 P. 97]), because when appellant's automobile entered the highway respondent's car was some 1,187 feet away, and according to appellants was not upon the highway at all.

■ .The next Vehicle Code section to which we are referred by respondent is section 544 which requires among other things that no person shall turn a vehicle unless and until such movement can be made with reasonable safety. We fail to perceive the pertinency of this section to the facts in the instant case. There is in the record evidence that appellants looked and determined they could make the turn with reasonable safety, and in fact they had made the turn and proceeded westerly on the northerly side of the highway for some sixty or seventy feet prior to the impact. Manifestly, under this state of the evidence we are not authorized

to hold that appellants were guilty of contributory negligence as a matter of law. Furthermore, it must be said that reasonable minds could at least well differ as to whether appellants were justified in assuming they could make the turn with reasonable safety, and it must not be forgotten that appellants had a right to assume that respondent would observe them making the turn on the highway, and therefore slacken his speed or make a turn to the right or left of appellant's vehicle thereby avoiding a collision (*Kennedy* v. *Berg,* 18 Cal.App.2d 53 [62 P.2d 1374] ; *Flury* v. *Beeskau,* 139 Cal. App. 398 [33 P.2d 1033]).

It is next claimed by respondent that appellants violated section 525 of the Vehicle Code which in substance provides that upon all roadways of sufficient width a vehicle shall, with certain exceptions not here applicable, be driven upon the right half of and as close as practicable to the right hand curb or edge of, such roadway. Plaintiff Miss Satt testified that at the time of and immediately before the collision she was in the process of steering the automobile toward the right hand curb. From the very language of this section it is apparent that the Legislature intended there should be some elasticity in the application of its provisions and therefore the lawmakers did not lay down a definite or rigid rule as to the number of feet or the exact distance a moving vehicle must keep from the right hand curb. Some discretion is therefore left to juries and trial courts to determine from all the facts and circumstances in evidence whether the driver drove ''as closely as practicable to the right hand curb or edge'' of the highway. In other words it must be held that the triers of fact, in applying the section to a given case, may have resort to the well established rule that what a person of ordinary prudence would have done under similar circumstances can be considered a practicable compliance with the law (*Mauchle* v. *Panama-Pacific International Exposition Co.,* 37 Cal.App. 715 [174 P. 400] ; *McLellan* v. *Cocola,* 133 Cal.App. 9 [24 P.2d 200] ). In the case of *Wright* v. *Ponitz, supra,* at pages 215, 218, 219, this court held that whether plaintiffs in pushing their automobile in the lane nearest the center instead of the lane nearest the curb were guilty of contributory negligence was a question of fact to be determined by the court as the trier of fact. We so hold in the case at bar.

■ Respondent next contends that appellants operated their automobile in violation of section 514 of the Vehicle Code which prohibits the driving of any vehicle upon the highway at such a slow speed as to impede or block the normal and reasonable movement of traffic except under circumstances which have no application to the instant case. Respondent asserts that ''if the plaintiff's automobile had been traveling at the normal rate of speed ordinarily encountered on through highways the collision would never have occurred.'' In the light of all the facts and circumstances present in the case at bar, we are impressed that it was for the jury to determine whether appellants in pushing their automobile on the highway in the manner they did, impeded or blocked the normal and reasonable movement of traffic at three o'clock in the morning, or whether, judged in the light of what an ordinarily prudent person would have done under such circumstances, appellants' conduct could be considered a practicable compliance with the law. Furthermore, it was for the jury to determine the important question of proximate cause in connection with the relation, if any, which appellants' actions bore to the accident and consequent injuries to them.

■ Section 679 of the Vehicle Code is next brought into question by respondent. As it existed at the time of the accident herein, this section forbade the driving of a motor vehicle on any highway unless the vehicle was in such safe mechanical condition as not to endanger the driver, occupants thereof or any person upon the highway. The only mechanical defect in the automobile of appellant was that the battery had run down so that the vehicle could not be started with the self-starter. As we have heretofore pointed out, negligence after all is always relative to some circumstances of time, place or persons, and therefore what would amount to due care under one set of circumstances might be negligence in changed conditions. In the case of *Wright* v. *Ponitz, supra,* wherein plaintiffs were charged with contributory negligence for ''the placing of the Fike car on the highway after its motor had failed,'' this court held that the claimed negligence presented a question of fact for determination by the trier of fact. The only effect which the claimed mechanical defect in appellant's automobile had upon the same was as heretofore indicated that it could not be started

with the self-starter, and we fail to find in the record any evidence indicating that such defect proximately contributed to the injury sustained, and certainly not sufficient evidence to warrant us in holding as a matter of law that appellants were guilty of contributory negligence. Consequently, the question as to whether or not the Vehicle Code section was violated and such violation contributed directly or proximately to appellants' injuries, was an issue of fact for the jury to determine (*Henshaw* v. *Belyea,* 220 Cal. 458 [31 P. 2d 348]; *Bender* v. *Perry,* 37 Cal.App.2d 206 [99 P.2d 319]; *Maus* v. *Scavenger Protective Association,* 2 Cal.App.2d 624 [39 P.2d 209]).

Much of what we have just said is applicable to the claimed violation by appellants of section 543 of the Vehicle Code. We feel impelled to here observe that though it be conceded that appellants were guilty of violating any or all of the Vehicle Code sections referred to by respondent, there still remained the vital question of whether or not such violation, if any, was the proximate cause of the accident. Where the court cannot say that reasonable minds could draw but one inference from the evidence and that, an inference, pointing unerringly to the negligence of the plaintiff in violating the statute has proximately contributed to his injuries, then whether or not such violation did proximately contribute to the accident and whether the violation was excusable or justifiable, are questions of fact for the jury to determine (*Sharick* v. *Galloway,* 19 Cal.App.2d 693 [66 P.2d 185]; *Rivera* v. *Hasenjaeger,* 29 Cal.App.2d 431 [85 P.2d 167]). In *Hilbert* v. *Olney,* 17 Cal.App.2d 135, 138 [61 P.2d 941], the court quoted with approval the following language used in *Skaggs* v. *Wiley,* 108 Cal.App. 429, 433 [292 P. 132], " . . . the principle that a violation of the statute is negligence *per se* being subject to the limitation that the act or omission must proximately cause or contribute to the injury [citing cases], and when the evidence is conflicting or any reasonable man might differ as to the inferences which ought to be drawn from the evidence this question is one for the jury (*Smith* v. *Occidental, etc., Steamship Co.,* 99 Cal. 462 [34 P. 84])."

It becomes unnecessary to discuss respondent's claim that appellant Miss Satt was guilty of contributory negligence as a matter of law and that her negligence is imputed to appel-

lant Shannon because from what we have herein said and in obedience to the rules prescribed for us by law with reference to the consideration of evidence in cases wherein the appeal is taken from an order for judgment notwithstanding the verdict, it is manifest that we must hold in the case of appellant Miss Satt as we do in the case of appellant Shannon, that she cannot as a matter of law be held guilty of contributory negligence which contributed proximately to either her or appellant Shannon's injuries.

For the foregoing reasons the judgments are reversed and the causes remanded with directions to the court below to enter judgments upon the verdicts as returned by the jury.

York, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 15, 1943.