[Civ. No. 8681.   Third Dist.   Dec. 2, 1955.]

VINTON H. DUTCHER et al., Appellants, v. CITY OF SANTA ROSA HIGH SCHOOL DISTRICT et al., Respondents.

DENNIS REHE, a Minor, etc., et al., Appellants, v. CITY OF SANTA ROSA HIGH SCHOOL DISTRICT et al., Respondents.

Carl D. Dorn and Lewis H. DeCastle for Appellants.

Lounibos & Lounibos for Respondents.

VAN DYKE, P. J.—Vinton H. Dutcher and his wife, parents of Paul Dutcher, deceased, brought action against the City of Santa Rosa High School District and Rollo Norris, an instructor employed by the school, to recover damages for the death of their son. In another action Dennis Rehe, a minor, by his guardian ad litem brought action against the school district and Norris for damages for personal injuries suffered by him in the same accident. His father sued for expenses incurred. Both boys were members of a class in automobile mechanics which the respondent Norris was teaching. Each complaint charges negligence on the part of Norris. The respondents pleaded the general issue and also contributory negligence.

The evidence showed the following: Respondent Norris had been regularly employed as a teacher of automobile mechanics at the high school for eight years. The course was designed so as to give the students practical experience and was, therefore, conducted as supervised shop work. There were 14 or 15 students in the class and under the supervision and instruction of Norris they worked on automobiles, some of which belonged to members of the class. They disassembled and reassembled, and learned the technique necessary to such work. The class members worked in various areas of the shop and freely moved about the area while in class for the purpose of getting and replacing tools and equipment, for consultation with the instructor, and such like related purposes. Norris gave general instructions on various phases of automobile mechanics and repairs and the students were encouraged to bring their own cars upon which to work, with his help and supervision. Two or three weeks prior to the accident, one of the high school students, Donald Saunders, who was a member of another class, brought in a stripped down automobile which he apparently wished to convert into a

racing car by welding thereon so-called "roll over" bars made of iron pipe. He removed the top, windows, seat and gasoline tank and stood the tank against the wall at a distance of from 6 to 8 feet from his car. This position of the tank was observed by Norris on the afternoon before the accident and on the following morning he told Donald to place it on the frame of his car so the janitor would be able to sweep the area where it was resting. However, it does not appear that Donald obeyed this order. Donald was a member of another class in automobile mechanics and it appears was more advanced in that study than were the members of the class which included plaintiff Rehe and the deceased Paul Dutcher. These two boys were in a class which was conducted in the fifth class period between 12:40 and 1:40 p. m. of a school day. Donald's class met between 9 and 10 o'clock in the morning. On the day of the accident Norris gave Donald some instructions during his class period on the technique of burning a hole in the floor of his car so as to be able to weld a plate to the frame to anchor the "roll over" bars. The operation necessitated the use of a lighted arc torch. Donald did not complete the work that morning. Between 12:40 and 1:40 p. m. he had a class in gymnastics. He answered roll call, then left the class without permission and went to the automobile mechanics shop. He obtained an arc torch from the tool room, which was in charge of one of the students, and with it entered the shop. Several boys in the class, including Paul Dutcher and Dennis Rehe, were standing by a bench where Norris was explaining how to remove valves from an engine. He joined the group for a few minutes, then went over and attached the torch to the hose leading from the oxygen and acetylene tanks which were standing on a movable hand truck. He lit the torch, proceeded to his car, entered it, crouched down in it and began burning a hole in the floor. The explosion of the gas tank from his car occurred a few minutes thereafter. Just before the explosion Paul Dutcher and Dennis Rehe, moving about the shop area, had gathered with several other class members around Donald's car to see what Donald was doing. They had stopped while on their way to a grinder with some valves. As they turned away to continue to the grinder the explosion occurred and they were encircled with burning gasoline and flames from the exploded tank. Paul Dutcher died from his injuries and Dennis Rehe was seriously injured. The two actions herein were consolidated for trial

and have been consolidated for appeal. The jury returned verdicts in favor of defendants and from the judgments entered thereon these appeals are taken.

It is conceded by respondents that the question of whether or not Norris was negligent was to be resolved by the jury as an issue of fact and that, therefore, the trial court properly submitted that issue to the jury. The errors urged on appeal by appellants are confined to claims of error in instructions given.

The court instructed the jury as follows: "One, who for purposes of his own, voluntarily places himself in a position of danger, assumes the risks ordinarily incident to such a position and must use a quantum of care commensurate with the danger." This instruction failed to inform the jury that before the defense of assumed risk can succeed the evidence must disclose either actual or implied knowledge of the risk and an appreciation of the magnitude thereof. As applied to the two boys who stopped by Donald's car and for a short interval watched him operating the torch it is questionable whether from the evidence the jury could even have found support for a holding that they knew and appreciated the extent of the risk involved. To be sure, they knew that Donald was operating a torch, but there is no showing that they knew either how close the tank that exploded was to the flames and sparks being emitted by the torch or that they appreciated the danger of explosion if flames or sparks from the torch ignited gases issuing from the tank. Assuming, however, that such an assumption of risk might have been predicated upon the facts in evidence, nevertheless the court failed to inform the jury of the vital element of knowledge which must exist before a risk can be assumed and the assumption constitute a defense to a charge of negligence from the existence of the risk. (*Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 161-162 [265 P.2d 904]; *Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375, 385 [240 P.2d 580]; Prosser on Torts (1941), p. 386.) While it might be argued that the use of the word "voluntary" in defining assumption of risk inferentially includes the element of knowledge, nevertheless we think that if the defense is to be submitted to a jury the jury must be told clearly that the doctrine has no application unless there was knowledge, express or implied, of the existence of the risk, together with an appreciation of the extent of the danger.

The trial court with appropriate instructions and at

the request of respondents instructed the jury upon the defense of contributory negligence. Appellants claim that there was no evidence here of any negligence upon the part of the two boys which could qualify as negligence proximately contributing to their injuries. In the present state of the record this contention must be sustained. Of course, the presence of the boys near the automobile of Donald where he was working with the torch was no part of the cause of the explosion, and in order for it to be negligence for them to have approached the area of danger there would have to be some evidence from which it could be inferred that they violated their duty of care for their own concerns. As has been said, it appears that they were prompted either by a legitimate interest in the work of Donald or mere youthful curiosity and there is nothing to show that they knew anything about the dangerous proximity of the gas tank to the torch. We are unable to find in this situation that these boys could have been negligent. They were properly in the shop in pursuit of their regular studies, they went from the point where they had been instructed in the technique of removing valves from an engine to the place where they could grind those valves, and stopped for a moment to observe Donald's work. We hold it was error to submit the question of their contributory negligence to the jury.

The foregoing leaves the record in condition that as a reviewing court we cannot say whether the jury found Norris not to have been negligent, or found Norris to have been negligent but found further that the two boys had assumed the risk of injury, or found Norris to have been negligent but also found the boys to have been guilty of contributory negligence. Therefore the errors pointed out are reversible. (*Plotts* v. *Albert,* 120 Cal.App.2d 105, 108 [260 P.2d 621]; *Hoyt* v. *Southern Pac. Co.,* 6 Cal.App.2d 49, 53 [44 P.2d 363].)

Both the judgments appealed from are reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied December 29, 1955. The opinion was modified to read as above. Respondents' petition for a hearing by the Supreme Court was denied January 25, 1956.