[Civ. No. 9322.   Third Dist.   Oct. 28, 1958.]

KENNETH C. GUERRERO, Appellant, v. WESTGATE
LUMBER COMPANY et al., Defendants; BROWN'S
CREEK LUMBER COMPANY (a Partnership) et al.,
Respondents.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Appellant.

Hoge, Fenton, Jones & Appel for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment entered upon a defense verdict in a personal injury action.

Appellant was seriously injured when struck by a large log which fell from the top of a loaded truck. Appellant had, as "tail hooker," assisted in loading the truck under the direction of the "top-loader," the respondent Forrest Stillwell, hereinafter referred to as respondent, he being the only respondent involved in the actual loading operation. The logs were lifted onto the truck by means of a cable attached to a tractor which was driven forward and backward according to the signals given by respondent who selected the logs and who decided where they were to be placed on the truck. In accordance with respondent's directions, appellant at the rear of the truck, and another man in front, guided the logs into position by means of guide lines attached to the hooks which grasped the logs while they were being lifted onto the truck. Several tiers of logs were placed on the truck and bound to prevent slipping. There was a conflict in the evidence as to whether the last log which was loaded, and which was the one causing the accident, was or was not, for some reason, raised and turned over after it had first been placed on the load. In any event, after respondent was satisfied with its position, he threw a chain from the left side of the truck across the middle of the load. Appellant came from the rear of the truck along the right side thereof and took hold of the chain, intending to pass it under the truck to respondent who was

going to bind the load. As appellant took hold of the chain, the last log which had been placed on the load fell to the ground, striking appellant and causing the injuries for which he seeks damages herein. The cause of the log's falling was not established, although there was testimony that it could have been dislodged by the movement of the chain. The appellant contends that the doctrine of res ipsa loquitur was applicable and that the trial court erred in refusing to instruct the jury thereon.

In *Ybarra* v. *Spangard*, 25 Cal.2d 486, 489-490 [154 P.2d 687, 162 A.L.R. 1258], the requisites for the application of the doctrine of res ipsa loquitur are set forth as follows: "The doctrine of res ipsa loquitur has three conditions: ' (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' "

As to the first requirement, suffice it to say the accident here is of a kind which ordinarily does not occur in the absence of someone's negligence. While the loading of logs is a dangerous operation, it appears from the evidence to be common knowledge among those engaged in that business that when logs are loaded in a stable and careful manner, they are safe without binders and do not suddenly fall off. Respondent even testified that it was his purpose and intention to put the logs on the truck in such manner that they would be safe without binders.

As to the second requirement, namely, that it must be made to appear that the accident was caused by an agency or instrumentality within the exclusive control of the defendant, respondent argues that the loading operation was accomplished by four men and that while he, as the top loader, was responsible for selecting the log to be hooked and pointed out the particular place on the load where it was to be placed, the placing of each log required the combined skill and effort of all the members of the loading team. While this appears to be true, nevertheless the evidence shows that respondent was in sole charge and that appellant, as rear loader, placed his end of the log on the load only in accordance with the respondent's directions. Appellant's responsibility was merely to assist Stillwell in loading the truck.

This brings us to a consideration of the third require-

ment. In *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 444 [247 P.2d 344], the court said:

"Some cases have stated that the accident must not have been due to any voluntary action or contribution on the part of the plaintiff. (See *Ybarra* v. *Spangard*, 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258]; *Raber* v. *Tumin*, 36 Cal.2d 654, 659 [226 P.2d 574]; *Cavero* v. *Franklin etc. Benev. Soc.*, 36 Cal.2d 301, 309 [223 P.2d 471]; *Druzanich* v. *Criley*, 19 Cal.2d 439, 444 [122 P.2d 53]; 9 Wigmore on Evidence [3rd ed., 1940], § 2509.) This is allied to the condition of control by the defendant and has also been employed as a means of showing that the defendant, rather than the plaintiff, had control and was responsible for the injury. (See *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 458 [150 P.2d 436].) It should not be confused with the problem of contributory negligence, as to which defendant has the burden of proof, and its purpose, like that of control by the defendant, is merely to assist the court in determining whether it is more probable than not that the defendant was responsible for the accident. As recently held by the Supreme Court of Oregon in a well reasoned opinion, a plaintiff may properly rely upon res ipsa loquitur even though he has participated in the events leading to the accident if the evidence excludes his conduct as the responsible cause. (*Gow* v. *Multnomah Hotel*, 191 Ore. 45 [224 P.2d 552, 555-560, 228 P.2d 791].)"

The above quotation would seem to dispose of respondent's contention that the doctrine of res ipsa loquitur does not apply because it was incumbent upon the appellant to show that his own conduct did not cause or contribute to the accident. The evidence does not show that appellant had pulled upon or moved the chain over the load or that any action on his part caused the accident. Whether or not he was guilty of contributory negligence in going alongside of the load before it was bound is a separate issue and is not to be "confused with the problem of contributory negligence, as to which defendant has the burden of proof." (*Zentz* v. *Coca Cola Bottling Co., supra.*) The evidence shows that appellant, as well as the other two men, had merely followed respondent's orders, and that respondent was in the best position to shed light on the cause of the accident. Only respondent could explain how the load was formed, why he had difficulty with the last log, and why he did not keep the hooks in tension until the load was bound. Such being the case, the balance of probabilities suggested negligence on the part of the respondent

who was responsible for the loading of the truck. (*Nungaray* v. *Pleasant Valley etc. Assn.*, 142 Cal.App.2d 653 [300 P.2d 285].)

The requested instruction on the doctrine of res ipsa loquitur did not compel the jury to accept appellant's evidence. The jury was left entirely free to determine whether or not the necessary elements of the doctrine were present. We feel that the facts of this case are such that the trial court should have instructed the jury upon that doctrine.

The trial court gave an instruction on unavoidable accident. This instruction was not referred to in appellant's opening brief as being one to which objection was made, since at the time of the trial it was proper under the decision in *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823]. As stated in *Rayner* v. *Ramirez*, 159 Cal.App.2d 372, 375 [324 P.2d 83] : "It is the usual rule that a point is deemed waived and an appellate court will not consider a question not raised at the trial or on a motion for a new trial. . . ." However, in appellant's closing brief the decision in the case of *Butigan* v. *Yellow Cab. Co.*, 49 Cal.2d 652, 661 [320 P.2d 500], was cited and the contention made that the giving of such an instruction was error under the facts of this case. Under the circumstances there appears to be good reason for the failure of the appellant to raise the point in his opening brief. We conclude it should be considered. (*Rayner* v. *Ramirez, supra.*)

We feel that it was error to give the instruction on unavoidable accident because there was no element of unavoidable accident established by the evidence which would justify its giving under the Butigan decision. (See also *Britton* v. *Gunderson*, 160 Cal.App.2d 66, 69 [324 P.2d 938] ; *Emerton* v. *Acres*, 160 Cal.App.2d 742 [325 P.2d 685].)

Appellant also contends that the trial court erred by instructing on assumption of risk. We agree. Nowhere in the record does it appear that the appellant knew, or that he must have known, that the last log was likely to fall. No one testified that the log appeared to be in danger of rolling off the truck. The testimony is that the log appeared to be securely located in the saddle form of the two logs upon which it was resting. Nor did anyone apprehend any danger from this log. Respondent threw the chain over it and appellant and the other "hooker" made ready to assist him in binding the load—all without any intimation, inferentially or otherwise, that they anticipated the least bit of trouble. Neither

gave any indication by his conduct that he was aware of the danger.

The affirmative defense of assumption of risk arises only upon a showing that the plaintiff had actual knowledge and appreciation of the existence of a particular danger. As stated in Prosser on Torts, 2d edition, page 203:

"The defense of assumption of risk rests upon the plaintiff's consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of harm from a particular risk. . . .

". . . In its simplest and primary sense, it means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him, and to take his chance of injury from a known risk."

Actual knowledge of the existence of a specific danger is an essential and indispensable element of the defense of assumption of risk. It is not enough that the plaintiff should have been aware of that danger. There must be evidence sufficient to show that he was *actually* aware of it. (*Prescott* v. *Ralphs Grocery Co.*, 42 Cal.2d 158, 162 [265 P.2d 904].) Further, as stated by this court in *Dutcher* v. *City of Santa Rosa School Dist.*, 137 Cal.App.2d 481, 484 [290 P.2d 316, 291 P.2d 557]:

". . . before the defense of assumed risk can succeed the evidence must disclose either actual or implied knowledge of the risk and an appreciation of the magnitude thereof."

These elements are lacking in the instant case. Further, since this case also involved the violation of a safety regulation of the Division of Industrial Safety, respondent could not defend on the ground that the appellant, for whose protection the regulation was passed, assumed the risk. (*Maia* v. *Security Lumber & Concrete Co.*, 160 Cal.App.2d 16, 20-21 [324 P.2d 657].) It was, therefore, prejudicial error to give the instruction on assumption of risk.

Since the judgment must be reversed for the reasons heretofore mentioned, we merely note the error complained of by appellant in an instruction reading in part: ". . . That a violation of this provision of the law by the defendant, Stillwell, *unless* without excuse or justification by circumstances beyond his control, constituted negligence as a matter of law."

The inadvertent insertion of the word "unless" by the trial court in charging the jury is not likely to recur. The reference to statutory violation of section 5289 of title 8 of the Cali-

fornia Administrative Code, provides: ''Binding Log Loads. (a) All logs shall be well balanced and centered so that the load is stable without binders.''

Respondent contends that there was no evidentiary support for the complained of instruction, as the quoted section applies only to the transportation of logs on private roads and there was no evidence as to the character of the roads in this case. This we need not determine. If respondent is correct, undoubtedly on retrial the lacking evidentiary support will be either supplied or the instruction will not be given.

The judgment is reversed.

Peek, Acting P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 21, 1958, and respondents' petition for a hearing by the Supreme Court was denied December 23, 1958. Shenk, J., Schauer, J., and Spence, J., were of the opinion that the petition should be granted.