[Civ. No. 17750.  First Dist., Div. One.  Jan. 5, 1959.]

MARIAN PANDELL, Appellant, v. ROBERT HISCHIER, Respondent.

694

Boccardo, Blum, Lull, Niland & Teerlink and Wavel Mc-Lennan for Appellant.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., and W. R. Dunn for Respondent.

PETERS, P. J.—Plaintiff brought this action against defendant for damages incurred in an automobile accident. The defendant cross-complained against the plaintiff. The jury found in favor of defendant on plaintiff's complaint and in favor of the cross-defendant on defendant's cross-complaint. From the judgment entered on such verdicts the plaintiff appeals. The sole point urged is that an instruction offered by her and refused by the trial court should have been given.

The accident occurred shortly after 1 a. m. on September 11, 1955. Plaintiff was on an exit road of a drive-in theater, which road enters into Almaden Road in San Jose. Plaintiff intended to make a left turn and proceed in a northerly direction on that road. She testified that she waited at the intersection for three or four minutes, waiting for a break in the traffic on Almaden Road. Finally it appeared to her that the nearest automobile approaching the exit road where she was stopped, which was presumably the car of defendant, was some 200 to 400 feet from where she was stopped. It, too, was proceeding northerly on Almaden Road. Plaintiff entered Almaden Road and made a left turn. She had proceeded about three or four car lengths, or from 50 to 75 feet, when she was hit from the rear by the car of defendant.

The testimony produced by defendant was that as defendant approached the drive-in exit going northerly, he was going about 30 or 35 miles per hour; that he first noticed plaintiff's automobile when he was about 100 feet from the exit road; that plaintiff's car was then stopped at the entrance to Almaden Road; that when defendant was but 50 feet from the exit road plaintiff's car started forward and turned in front of defendant; that defendant was unable to stop, and his car struck plaintiff's car in the rear; that the accident occurred 31 feet north of the exit road; that defendant was going but 15 to 20 miles per hour at the time of impact.

Plaintiff urges that the decisive question at the trial was, which of the two vehicles had the right of way at the time of the accident under section 553 of the Vehicle Code. It is then contended that it was prejudicial error for the trial court to refuse to give the following instruction offered by

plaintiff: "If you find from the evidence that the automobile operated by the defendant Hischier did not constitute an immediate hazard at the time the plaintiff entered the highway from the theatre driveway, then the defendant was required to yield the right of way to the plaintiff."

The proffered instruction undoubtedly states a correct principle of law.

Section 553 of the Vehicle Code provides that: "The driver of a vehicle about to enter or cross a highway from any private road or driveway or from an alley . . . shall yield the right of way to all vehicles approaching on said highway." Literally, this section would require the prospective entrant from a private road to yield the right of way to all vehicles on the highway regardless of where they were. This would be an unreasonable interpretation. For that reason, the courts have interpreted the section to mean that a prospective entrant from a private road may lawfully enter a highway so long as there is no vehicle so near as to constitute an immediate hazard. (*Wakefield* v. *Horn,* 109 Cal.App. 325 [293 P. 97]; *Jansen* v. *Sugiyama,* 29 Cal.App.2d 717 [85 P.2d 476]; *McDougall* v. *Morrison,* 55 Cal.App.2d 92 [130 P.2d 149]; *Malinson* v. *Black,* 83 Cal.App.2d 375 [188 P.2d 788]; see cases collected 7 Cal.Jur.2d p. 54, § 243.) In *Todd* v. *Standfield,* 111 Cal. App.2d 615 [245 P.2d 331], the court affirmed a trial court that gave an instruction that, under this section, the driver on the highway, if his car did not present an immediate hazard to the car entering from a private road, should have yielded the right of way. Thus, the instruction proffered by plaintiff stated a proper rule of law applicable to the facts. But this, alone, does not necessarily require a reversal.

A party is not entitled to have the jury instructed in the particular phraseology selected by such party, even if the language selected states correctly an applicable rule of law, if the court does, properly, instruct on the issue involved. This elementary principle, supported by numerous cases, is stated as follows in 24 California Jurisprudence, page 806, section 79: "Numerous cases establish the rule that it is not error for a court to refuse to give a requested instruction if the subject matter thereof is substantially incorporated in the instructions given. A party is not entitled to have the jury instructed in any particular phraseology, and may not complain on the ground that his requested instructions are refused if the court, of its own motion or otherwise, correctly announces the substance of the law applicable to the case; this is

true even though the requested charges state the principles involved more clearly and definitely than those given.'' (See also *Jaeger* v. *Chapman*, 95 Cal.App.2d 520 [213 P.2d 404]; *Ideal Heating Corp.* v. *Royal Indem. Co.*, 107 Cal.App.2d 662 [237 P.2d 521].)

It is our opinion that, in the instant case, the trial court adequately and properly instructed on the proper interpretation of section 553 of the Vehicle Code. The court properly instructed as to the general duty of the defendant as follows: ''It is the duty of the driver of any vehicle using a public street or highway to exercise ordinary care to avoid placing himself or another person in danger; to use like care to avoid an accident from which injury might result; to be vigilant at all times, keeping a lookout for traffic and other conditions to be reasonably anticipated; and to keep the vehicle under such control that, to avoid a collision with any person or with any other object, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position.''

After reading section 553 of the Vehicle Code to the jury, the court then instructed:

''Section 553 of the Vehicle Code, being the last section just read to you, which provides that the driver about to enter a highway from a private road or driveway shall yield the right of way to all approaching vehicles, does not literally mean that such driver must yield to all vehicles on such highway regardless of how far away they are. That section means that a driver about to enter a highway from a private road or driveway must yield the right of way to any vehicle approaching on said highway which constitutes an immediate hazard.

''You may ask yourselves the question: When has a vehicle approached so close to an intersection between a private driveway and a highway as to constitute an immediate hazard? The answer is that the approaching vehicle is that close whenever, if a reasonably prudent person were in the position of the driver who has stopped his automobile at the entrance to the highway, he would apprehend the probability of colliding with the approaching vehicle were he then to enter the highway.

''When the law says that one person has the right of way over another, its purpose simply is to establish a practical basis for necessary courtesy on the highway, and its meaning is that when at any given moment of time two persons, neither

of whom then occupies the space in question, desire to proceed into the same place on the highway, one of them shall yield. The other has the privilege of the immediate use of the space in question. That privilege is his right of way.

"No question of right of way arises until an actual conflict exists in the desires of two persons to enter into immediate use of a place on the highway not then occupied by either, and which only one can use at the time. In other words, the law gives no one a right to eject another from a place on the highway, nor to collide with him nor to injure him simply because the latter occupies the space which the former wants to use."

In our opinion these instructions adequately covered the field. Although the trial court did not expressly state that it is the duty of the driver on the highway to yield the right of way when his car does not constitute an immediate hazard to the driver entering from the private road, such a rule is necessarily and clearly implied from the instructions quoted above. The instructions quoted can be given no other reasonable interpretation.

The plaintiff contends that the instructions given were general in nature, and that she was entitled to a specific instruction on this pivotal issue. ▮ It is undoubtedly the law that the giving of a general instruction covering the field in an abstract way does not justify the refusal of a requested specific instruction. (*Gilbert* v. *Pessin Grocery Co.*, 132 Cal. App.2d 212 [282 P.2d 148]; *Fletcher* v. *Pierceall*, 146 Cal. App.2d 859 [304 P.2d 770].) ▮ But, it is our opinion that, properly construed, the given instructions were not mere general, abstract statements of the law, but were sufficiently specific. ▮ "It is also well established that a reviewing court should adopt the construction and effect of an instruction which will support rather than defeat the judgment if it is reasonably susceptible of such interpretation." (*Mullanix* v. *Basich*, 67 Cal.App.2d 675, 681 [155 P.2d 130]; see also *Reuter* v. *Hill*, 136 Cal.App. 67 [38 P.2d 390].)

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.