12 Cal.Rptr. 418]

[Civ. No. 24754. Second Dist., Div. Two. Apr. 6, 1961.]

JAMES IRA McALLISTER, Respondent, v. SANFORD
CUMMINGS et al., Appellants.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Appellants.

Zeman, Comsky & Fischer for Respondent.

ASHBURN, J.—Appeal from judgment for plaintiff in personal injury action. Plaintiff, a highway patrol officer, was traveling east on Pacific Coast Highway at about 5 p. m. on February 23, 1958. His motorcycle collided with a station wagon owned by defendant Shelley and driven by defendant Cummings. The accident happened just west of the Drift Inn and in the eastbound lane nearest the double line (lane No. 1). Cummings entered the highway from the Drift Inn property (which was on the south side of the highway) intending to make a left turn. In the lane immediately north of the double line defendant Jeffrey's westbound Thunderbird automobile had stopped, awaiting opportunity to make a left turn into the Drift Inn. Plaintiff was in pursuit of a suspected traffic violator and at the time of the accident had his front and back red lights burning, but he did not at any time sound a siren. The right side of the motorcycle and the right front bumper or fender of the station wagon collided. The motorcycle then

ricocheted into Jeffrey's car, plaintiff receiving injuries for which he was awarded a verdict of $7,500 against defendants Cummings and Shelley, who have appealed. The action was dismissed as to Jeffrey before taking of evidence.

Appellants do not challenge the sufficiency of the evidence but claim reversible error in respect to four instructions.

This accident occurred before the 1959 revision of the Vehicle Code.[1] ■ The first claim of error relates to section 553 of the then existing code. The court gave, at plaintiff's request, an instruction in the language of that section, viz.: "Section 553 of the *California Vehicle Code* provides: 'The driver of a vehicle about to enter or cross a highway from any private road or driveway or from an alley not exceeding a width of twenty-two feet or from any alley as may be defined by local ordinance shall yield the right of way to all vehicles approaching on said highway.'" Also: "If a party to this action violated Sections 671-c or 553, the statutes just read to you, a presumption arises that he was negligent. This presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable. To prove that a violation of a statute such as that charged in this case was excusable or justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the person who violated the statute did what might reasonably be expected of a person of ordinary prudence who desired to comply with the law, acting under similar circumstances." Defendants requested and the court refused to give the following qualifying instruction: "It is the duty of an automobile driver entering a highway from a private driveway to look for approaching cars and not to proceed if one is coming unless, as a reasonably prudent and cautious person he believes, and has a right to believe, that he can pass in front of the other car in safety." That such an explanatory instruction is correct appears from the following cases: *Dickison* v. *La Thorpe,* 124 Cal.App.2d 190, 194 [268 P.2d 164]; *Pandell* v. *Hischier,* 166 Cal.App.2d 693, 695 [333 P.2d 762]; *Malinson* v. *Black,* 83 Cal.App.2d 375, 377 [188 P.2d 788].

■ The Pandell opinion says, at page 694: "Plaintiff urges that the decisive question at the trial was, which of the

---

[1]All statutory references herein point to the Vehicle Code as it stood before that revision.

two vehicles had the right of way at the time of the accident under section 553 of the Vehicle Code. It is then contended that it was prejudicial error for the trial court to refuse to give the following instruction offered by plaintiff: 'If you find from the evidence that the automobile operated by the defendant Hischier did not constitute an immediate hazard at the time the plaintiff entered the highway from the theatre driveway, then the defendant was required to yield the right of way to the plaintiff.'

"The proffered instruction undoubtedly states a correct principle of law.

"Section 553 of the Vehicle Code provides that: 'The driver of a vehicle about to enter or cross a highway from any private road or driveway or from an alley . . . shall yield the right of way to all vehicles approaching on said highway.' Literally, this section would require the prospective entrant from a private road to yield the right of way to all vehicles on the highway regardless of where they were. This would be an unreasonable interpretation. For that reason, the courts have interpreted the section to mean that a prospective entrant from a private road may lawfully enter a highway so long as there is no vehicle so near as to constitute an immediate hazard. [Citations.] In *Todd* v. *Standfield*, 111 Cal.App.2d 615 [245 P.2d 331], the court affirmed a trial court that gave an instruction that, under this section, the driver on the highway, if his car did not present an immediate hazard to the car entering from a private road, should have yielded the right of way. Thus, the instruction proffered by plaintiff stated a proper rule of law applicable to the facts."

The Malinson case, *supra*, deals with section 552, "Vehicle Entering Through Highway," which section contains the phrase "immediate hazard." At page 377: "The statute does not require a driver approaching an arterial highway to refrain from crossing until the highway is free from all traffic. It places on him the duty of determining, in the exercise of ordinary care, when a crossing would not 'constitute an immediate hazard.'

"Respondent testified that he came to a complete stop at the boulevard stop sign, surveyed the highway, saw that no cars were approaching from the right, and that the nearest car, presumably appellant's, approaching from the left, was at a distance of approximately 80 yards north of the intersection. Having concluded that he had plenty of time to safely cross the intersection, he proceeded in, looking straight

ahead. Respondent may have been mistaken in his judgment of the distance of appellant's car from him. Or he may have incorrectly estimated the time it would take him to drive his own car from a standing stop past the center line of the highway. Whether such a mistake of judgment constituted negligence was a question of fact. It is only in rare instances that contributory negligence becomes a question of law.''

*Wakefield* v. *Horn*, 109 Cal.App. 325, 327 [293 P. 97], dealing with section 131 of the Vehicle Act of 1927, and the language, ''shall yield the right of way to all vehicles approaching on said public highway,'' says: ''The argument is made that irrespective of the distance between the approaching car driven by the defendant Mary Horn and the private highway on which the truck was emerging, said provisions gave the defendant the right of way. The subdivision of the section, however, is not susceptible of any such interpretation. If interpreted literally as the subdivision reads, or as it then read, no one could ever drive from a private road upon a public highway if any one were approaching upon such highway, irrespective of the distance. The subdivision must be construed to give effect to the intent of the Legislature, which was to prevent automobile drivers on private roads, from entering a public highway when a car was approaching upon such highway so near as to constitute an immediate hazard, and not that no one should enter upon a public highway from a private road or driveway so long as the public highway was in use.''

That the request under discussion gave specific application of the pertinent principle to defendants' case and therefore should have been given seems clear.

It is familiar law that each party is entitled to instructions covering his theory of the case when supported by substantial evidence. (48 Cal.Jur.2d § 188, p. 216.) Respondent says that the instructions actually given sufficed for this purpose. He cites instructions upon ''right of way defined,'' ''duty of every person using highway,'' ''duty of driver of vehicles on public highways,'' and ''violation of statute or ordinance,'' in that connection. But these instructions were, as was said in *Gilbert* v. *Pessin Grocery Co.,* 132 Cal.App.2d 212, 224 [282 P.2d 148], ''general while the requests of plaintiff gave specific application of the same principle to her theory of the case. They are correct in their content and appellant should not have been required to rest

upon generalities.'' ▉ *Novak* v. *Peira,* 175 Cal.App.2d 29, 33 [345 P.2d 349]: "A court instructing a jury on the amount of care required must relate that duty to both the degree of care and the circumstances peculiar to the case being tried." See also *Stout* v. *Southern Pacific R.R. Co.,* 127 Cal.App.2d 491, 503 [274 P.2d 194]; *Pandell* v. *Hischier, supra,* 166 Cal.App.2d 693, 697; *Hildebrand* v. *Los Angeles Junction Ry. Co.,* 53 Cal.2d 826, 831 [350 P.2d 65]. The requested instruction should have been given.

▉ In determining whether the refusal to give this correct qualifying instruction worked prejudicial error, the following rule is to be borne in mind: "It is true that in determining whether or not a verdict is supported by the evidence, we must assume that the jury accepted the view most favorable to the respondent. However, in determining whether or not the instructions given are correct, we must assume that the jury might have believed the evidence upon which the instruction favorable to the losing party was predicated, and that if the correct instruction had been given upon that subject the jury might have rendered a verdict in favor of the losing party." (*O'Meara* v. *Swortfiguer,* 191 Cal. 12, 15 [214 P. 975].) See also *Jones* v. *Wray,* 169 Cal. App.2d 372, 379 [337 P.2d 226]; *Rozzen* v. *Blumenfeld,* 117 Cal.App.2d 285, 291 [255 P.2d 850]; *Stout* v. *Southern Pacific R.R. Co., supra,* 127 Cal.App.2d 491, 500.

▉ Appellants' second point is that "it was prejudicially erroneous to refuse defendants' requested instruction on former section 554 of the Vehicle Code." That instruction reads as follows: "Upon the immediate approach of an authorized emergency vehicle sounding a siren and having at least one lighted lamp exhibiting red light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle: (1) The driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the highway clear of any intersection and thereupon stop and remain in such position until such authorized emergency vehicle has passed, except when otherwise directed by a police or traffic officer." This relates to the conduct of the defendant Cummings, and its refusal could have worked no prejudice to appellants. Indeed, their opening brief says: "Although it was not mandatory that the trial judge give the instruction, it would have supplied important clarification to the jurors in determining whether

defendant acted prudently in proceeding.'' We find no error in the refusal of this request.

Next it is said that defendants were deprived of a substantial defense by the court's refusal to give BAJI 142 as requested by them. It says: ''The words just quoted from the Vehicle Code, namely, that 'no person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety,' do not mean that the driver of a motor vehicle, before making such a turn, must know that there is absolutely no possibility of accident. They mean that before starting to turn a vehicle on a public highway, and while making the turn, the driver of the vehicle must use such precaution as would satisfy a reasonably prudent person, acting under similar circumstances, that the turn can be made safely.'' The introductory phrase refers to the text of section 544 or perhaps to some unspecified instruction, neither of which appears in the transcript. It could have been refused as incomplete. But if this point be treated as inconsequential it nevertheless remains true that the refusal of the instruction could not be prejudicial to defendants for it refers only to the conduct of the plaintiff and is wholly favorable to him.

Appellants also complain of the court's refusal to give a requested instruction upon assumption of risk, i.e., BAJI 207. It is not applicable to the situation existing in this case. Plaintiff is an officer of the law charged with the duty, among others, of pursuing traffic offenders. To facilitate his work the Legislature has conferred an emergency exemption from ordinary traffic rules and the right of way over other vehicles while he is engaged in such pursuit of traffic offenders, provided he uses the red lights and the siren as prescribed by statute. Everyone must get out of his way so far as reasonably possible and he is entitled to act upon the premise that they will do so. He does not assume the ordinary hazards of the highway. His situation is analogous to that of the workman on the highway. He is not charged with the duty of constantly looking for traffic while engaged in work which requires his presence there, and failure so to do does not constitute contributory negligence as a matter of law, nor does it spell assumption of risk of injury caused by others.

It is said in *Woods* v. *Wisdom,* 133 Cal.App. 694, 696 [24 P.2d 863]: ''It has been repeatedly held that a laborer,

whose duties require him to be in a public street, is not required to be constantly on the lookout for approaching vehicles since he should devote his time to the performance of his duties. Under such circumstances it is the duty of the driver of a motor vehicle to keep an alert watch for laborers on the street and avoid running them down. The laborer is entitled to keep his mind on his work and it is not negligence as a matter of law for him to fail to continually look and listen for approaching vehicles.'' *Hayes* v. *Richfield Oil Corp.*, 38 Cal.2d 375, 384 [240 P.2d 580] : ''The doctrine of assumption of risk is based on the theory that there has been a voluntary acceptance of a risk, and such acceptance, whether express or implied, requires knowledge and appreciation of the risk. (See Rest., Torts, § 893; Prosser on Torts [1941], pp. 377-386; 10 So. Cal. L. Rev., 67, 74.)'' See also *Hedding* v. *Pearson*, 76 Cal.App.2d 481, 485 [173 P.2d 382] ; *Driscoll* v. *California St. R.R. Co.*, 80 Cal.App. 208, 215-216 [250 P. 1062].

This rule extends to police and traffic officers who are on duty upon the highway. It rests upon the fact that they have no choice about the place of performing their duties. ▮▮▮▮ Volume 35, California Jurisprudence 2d, section 274, page 821: ''It is an essential element of the defense of assumption of risk that the exposure to danger be voluntary. The defense does not apply where the risk was assumed out of necessity.'' Section 275, page 821: ''The test of what is a necessity such as renders exposure to danger nonvoluntary seems to be rather flexible. It is sufficient if under the circumstances the assumption of the risk was practically unavoidable.'' *Prescott* v. *Ralph Grocery Co.*, 42 Cal.2d 158, 162 [265 P.2d 904] : '' [T]he elements of the defense of assumption of risk are a person's knowledge and appreciation of the danger involved and his voluntary acceptance of the risk.'' 2A Blashfield's Cyclopedia of Automobile Law and Practice, permanent edition, section 1573, page 511: ''The general rules as to the care required from motorists toward workmen in the streets applies to the care due policemen, particularly when they are in the street in the performance of their duties as traffic officers. Accordingly, a motorist, who ignores a traffic signal requiring him to stop at an intersection and goes forward over a crowded thoroughfare, thereby injuring a traffic officer, is liable for the injuries so sustained. . . . An officer is employed by a city to direct traffic. From the very nature of this work he cannot be

expected to keep as sharp a lookout for approaching busses, and he has a right to have the same degree of care exercised for his safety as any other person lawfully in the street." Section 1577, page 519: "The laborer is entitled to keep his mind on his work, and it is not negligence as a matter of law for him to fail to continually look and listen for approaching vehicles. Such a workman can rely, to some extent, at least, on the assumption that the driver of a motor vehicle will exercise some care to avoid hitting him. Under this rule, a workman in the street may assume that motorists will keep a proper lookout, maintain reasonable control and observe and obey the rules of the road. Thus one working on a roadway or approach to a bridge, not moving about, or a street sweeper, is not negligent merely because he becomes engrossed in his work and fails to look for approaching vehicles. It is particularly true that a police or traffic officer on duty is not required to use the same degree of care in looking out for approaching vehicles as an ordinary pedestrian. A policeman is not required to anticipate that a motorist will violate traffic regulations, thereby resulting in injury to him."

It is manifestly true that although contributory negligence of a workman or an officer of the law is ordinarily a question of fact, the contrary is true with respect to the question of assumption of risk by such a person. Such assumption requires knowledge of danger while contributory negligence connotes only a failure to know what one should have discovered. (See, Prosser, Law of Torts, § 55, p. 303; *Prescott* v. *Ralphs Grocery Co., supra,* 42 Cal.2d 158, 162.)

There is no dispute in this case about the fact that the plaintiff was pursuing a lawbreaker. Hence there was no basis for suggesting an assumption of risk with respect to ordinary traffic hazards or for instructing the jury on that subject.

Moreover, the doctrine does not apply to a situation created by defendant's violation of a statute intended for the protection of the safety of the public as in case of Vehicle Code, section 554. *Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409, 430 [218 P.2d 17]: "Where an ordinance is a police regulation, made for the protection of human life, it is an obligation imposed upon the defendant by a salutary police regulation and the doctrine of assumption of the risk does not apply." *Ewing* v. *Balan,* 168 Cal.App.2d 619, 623 [336 P.2d 561]: "[A]ssumption of the risk is not available as a defense to an action based upon the violation of a safety law

intended to protect the plaintiff against the very risk which he is said to have assumed. [Citations.]'' Accord: *Bragg* v. *Mobilhome Co.*, 145 Cal.App.2d 326, 335 [302 P.2d 424]; *Guerrero* v. *Westgate Lumber Co.*, 164 Cal.App.2d 612, 618 [331 P.2d 107]; *Maia* v. *Security Lumber & Concrete Co.*, 160 Cal.App.2d 16, 20 [324 P.2d 657]; *Bickham* v. *Southern Calif. Edison Co.*, 120 Cal.App.2d 815, 823, 824 [263 P.2d 32]; *Mula* v. *Meyer*, 132 Cal.App.2d 279, 284 [282 P.2d 107].

 Having found that the court did not err in any of the respects claimed by appellants except the refusal to give their qualifying instruction concerning section 553, Vehicle Code, we must now determine whether that effected a miscarriage of justice. This question of right of way went to the vitals of the case and we find, after an examination of the entire cause including the evidence, that it is reasonably probable a result more favorable to appellants would have been reached in the absence of said error. This spells a miscarriage of justice. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Golden*, 55 Cal.2d 358, 361-362 [11 Cal.Rptr. 80, 359 P.2d 448]; *People* v. *Gullick*, 55 Cal.2d 540, 543-544 [11 Cal.Rptr. 566, 360 P.2d 62].)

Judgment reversed.

Fox, P. J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied May 2, 1961, and respondent's petition for a hearing by the Supreme Court was denied May 31, 1961.

---

*Assigned by Chairman of Judicial Council.