WARNE, J. pro tem.
 
 *
 

 This is the second appeal in this personal injury action. The first appeal was by the plaintiff from a judgment entered upon a verdict in favor of the defendants. That judgment was reversed. As one of the grounds for reversal this court held that the trial court erred in refusing to give an instruction requested by the plaintiff on the doctrine of res ipsa loquitur, which left the jury entirely free to determine whether the necessary elements of the doctrine were present.
 
 (Guerrero
 
 v.
 
 Westgate Lumber Co.,
 
 164 Cal.App.2d 612 [331 P.2d 107].)
 

 The present appeal is by the defendants from a judgment on a verdict awarding plaintiff damages at the conclusion of the second trial.
 

 The evidence produced at the second trial is for the most part the same as that adduced at the first. However, it is different in some material respects as will be pointed out later in this opinion.
 

 At the second trial the court, at plaintiff’s request, instructed the jury on the doctrine of res ipsa loquitur as follows:
 

 “From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of the defendant, Forrest Roy Stillwell. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.
 

 “When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of defendant’s negligence. If the evidence tending to prove that the accident was caused by a failure of the defendant to exercise the care required of him has greater weight than the evidence
 
 *532
 
 to the contrary, you will find in favor of the plaintiff on that issue.
 

 “In order to meet or balance the inference of negligence, the defendant must present evidence to show either (1) a satisfactory explanation of the accident, that is a definite cause for the accident, in which there is not negligence on the part of the defendant, Forrest Boy Stillwell, or (2) such care on the part of that defendant that leads to the conclusion that the accident did not happen because of want of care by him, but was due to some other cause, although the exact cause may be unknown. If such evidence has at least as much convincing force as the inference and other evidence, if any, supporting the inference, then you will find against the plaintiff on that issue.”
 

 This instruction is an exact copy of BAJI Number 206, Bevised, found in California Jury Instructions, Civil. No instruction was requested or given informing the jury as to the conditions to be met before the doctrine may be applied.
 

 The principal contention urged on this appeal is that the trial court took from the jury the question as to whether the essential elements upon which the applicability of the doctrine is founded had been proved by the plaintiff. We have concluded that there is merit in this contention. The instruction given should have been preceded by the giving of BAJI Number 206-A, Bevised, California Jury Instructions, Civil, which reads as follows:
 

 “One of the questions for you to decide in this case is whether the accident [injury] involved occurred under the following circumstances:
 

 “First, that it is the kind of accident [injury] which ordinarily does not occur in the absence of someone’s negligence;
 

 “Second, that it was caused by an agency or instrumentality in the exclusive control of the defendant [originally, and which was not mishandled or otherwise changed after defendant relinquished control]; and
 

 “Third, that the accident [injury] was not due to any voluntary action or contribution on the part of the plaintiff.
 

 “If, and only in the event that you should find all of these conditions to exist, you are instructed as follows.”
 

 The elements set forth in BAJI Number 206-A are those stated in
 
 Ybarra
 
 v. Spangard, 25 Cal.2d 486, 489-490 [154 P.2d 687, 162 A.L.R. 1258],
 

 The evidence at the first trial did not show that Guerrero had pulled upon or moved the chain over the load, or that any
 
 *533
 
 action on his part caused the accident; but that Guerrero, as well as the other two men, had merely followed defendants’ orders; that only Stillwell could explain how the load was formed, why he had difficulty with the last log, and why he did not keep the hooks which held the log in tension until the load was bound. We held that such being the case the balance of probability suggested negligence on the part of defendants who were responsible for the loading of the truck. At the second trial the evidence was conflicting as to the third requirement. Plaintiff testified that the binder chain which had been thrown over the load was there when he came around the load and that the log was in place two or three minutes before it fell. Plaintiff further testified that he had grasped the chain and "[s]tarted to slide it down” when the log fell. On cross-examination, he testified that he got hold of the chain and “tried to slide it down.” Hammargren, a defense witness, testified that plaintiff did pull the chain down immediately before the log fell. Defense witnesses testified that a carefully placed log could be displaced by pulling the chain over it. Ken Arens, an expert logging witness called by the defendants, testified that if the log which fell were a “peaker” and were dislodged by adjusting chains, it would indicate a poor saddle. Another witness testified that plaintiff did not grasp the chain at all. Thus, we have evidence, though conflicting, from which a permissible inference would support the view that plaintiff’s participation possibly contributed to the
 
 dislodgment of the log.
 

 A determination of this conflict
 
 in the evidence in favor of the plaintiff was essential to the application of the doctrine of res ipsa loquitur. It was a question for the jury to determine, or as said in
 
 Seneris
 
 v.
 
 Haas,
 
 45 Cal.2d 811, 826 [291 P.2d 915, 53 A.L.R2d 124] : “ ‘Where the evidence is conflicting or subject to different inferences, it is for the jury, under proper instruction, to determine whether each of the conditions necessary to bring into play the rule of res ipsa loquitur are present. . . .’ ” (To the same effect see
 
 Snyder
 
 v.
 
 Hollingbery,
 
 141 Cal.App.2d 520, 527 [297 P.2d 485];
 
 Tucker
 
 v.
 
 Lombardo,
 
 47 Cal.2d 457, 466 [303 P.2d 1041];
 
 Anderson
 
 v.
 
 County of Santa Cruz,
 
 174 Cal.App.2d 151 [344 P.2d 421];
 
 Hardin
 
 v.
 
 San Jose City Lines, Inc.,
 
 41 Cal.2d 432 [260 P.2d 63].) Further it is the general rule “that whether a particular inference shall be drawn is a question of fact for the jury, even in the absence of evidence to the contrary.” (Hardin v. San
 
 *534
 

 Jose City Lines, Inc., supra,
 
 p. 436, and Code Civ. Proc., § 1958.)
 

 We find no merit in respondents’ contention that the “law of the case” rule compelled the trial court to direct the application of res ipsa loquitur. The question of law decided on the former appeal was that the evidence in favor of plaintiff was such that “the balance of probabilities suggested negligence on the part of the respondent who was responsible for the loading of the truck,” and hence the requested instruction on res ipsa loquitur which did not compel the jury to accept plaintiff’s evidence but left it entirely free to determine whether or not the necessary elements of the doctrine were present should have been given—not that the evidence required such a finding.
 

 Since the judgment must be reversed because of the form in which the instruction on res ipsa loquitur was given, we deem it unnecessary to discuss other contentions.
 

 The judgment is reversed.
 

 Peek, P. J., and Schottky, J., concurred.
 

 A petition for a rehearing was denied November 22, 1961, and respondent’s petition for a hearing by the Supreme Court was denied December 20, 1961. Peters, J., was of the opinion that the petition should be granted.
 

 *
 

 Assigned by Chairman of Judicial Council.