786 P.2d 589

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Tony M. HINES, Defendant–Appellant.**

**No. 17949.**

Court of Appeals of Idaho.

Feb. 1, 1990.

Tony Hines, of Clark Fork, pro se.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HART, Judge, Pro Tem.

In a nonjury trial, a magistrate found Tony Hines guilty of failing to yield the right-of-way to an oncoming vehicle, an infraction under I.C. § 49–644. Acting in its appellate capacity, the district court upheld the magistrate's judgment. On appeal to this Court, Hines contends he was unconstitutionally denied the right to a jury trial. Hines also argues that the magistrate erred when she chose not to view the accident site or Hines' vehicle. Lastly, he argues there was insufficient evidence to support the finding of guilt.[1] We affirm.

The following facts are relevant to the issues addressed in this appeal. On June 1, 1988, Hines was backing his vehicle from a diagonal parking space on the west side of Fourth Street in Sandpoint. The parking space was located approximately four spaces south from the intersection of Fourth Street and Cedar Street. While Hines was backing his vehicle, a collision occurred between the rear of Hines' vehicle and the front of a southbound pickup truck. Officer David Biggerstaff of the Sandpoint Police Department investigated the accident and issued Hines a citation for failing to yield the right-of-way.

Hines denied the charge in a hearing conducted before Magistrate Debra Heise. Judge Heise concluded that, while she was not apportioning fault regarding the accident in this case, she could determine beyond a reasonable doubt that Hines had failed to yield the right-of-way to an oncoming vehicle. Judge Heise imposed a fine of $36. On appeal to the district court, the magistrate's judgment was affirmed. This appeal followed.

We begin by noting our general standard of review encompassing the issues in this case. When reviewing a district court's decision rendered in that court's appellate capacity, we review the record before the magistrate independently of, but with due regard for, the district court's determina-

---

1. Hines also requests an award of attorney fees and costs incurred in pursuing this appeal. He fails to cite any authority or to present any cogent argument supporting that proposition.

In any event, since Hines is not the prevailing party in this appeal, his entitlement to attorney fees or costs is not an issue we need address.

tion. *State v. Allison*, 112 Idaho 572, 733 P.2d 793 (Ct.App.1987).

■ We first address Hines' claim of a constitutional right to a jury trial. The denial of the right to a jury trial under the Idaho Traffic Infractions Act has been upheld by the Idaho Supreme Court in *State v. Bennion*, 112 Idaho 32, 730 P.2d 952 (1986). Thus, we reject Hines' argument with regard to his claim based upon Article 1, Section 7, of the Idaho Constitution and Article III, Section 2, of the United States Constitution.[2] However, Hines also argues that the Seventh Amendment of the United States Constitution guarantees him a jury trial because this is a suit at common law where the controversy exceeds twenty dollars. The seventh amendment has not been incorporated into the fourteenth amendment and thus is not applicable to the states. *Rudd v. Rudd*, 105 Idaho 112, 666 P.2d 639 (1983).

■ Next we address Hines' contention that the magistrate erred when she refused to view the scene of the accident or to examine Hines' automobile. The decision to view the scene of the accident or the automobiles involved in the accident rests in the sound discretion of the trial court. *State v. Coburn*, 82 Idaho 437, 354 P.2d 751 (1960); *see generally Gilbert v. City of Caldwell*, 112 Idaho 386, 732 P.2d 355 (Ct. App.1987). In this case, the magistrate stated that she was familiar with the area of Sandpoint where the collision occurred. The record indicates both Hines and the prosecutor utilized an illustration of the accident scene. We believe the magistrate acted within her discretion by declining to conduct a view of the accident scene. Furthermore, we see nothing wrong with the magistrate's decision not to view Hines' automobile. Hines' request for Judge Heise to view his automobile rested on his contention that it was actually the driver of the pickup truck who was responsible for the accident. However, as Judge Heise noted, relative fault was not the issue.

The issue framed by the citation was simply whether Hines had failed to yield the right-of-way. Under the circumstances, Judge Heise did not abuse her discretion when she chose not to view Hines' vehicle.

■ Lastly, we focus our attention upon Hines' argument that there was insufficient evidence to support Judge Heise's finding that he was, in fact, guilty of failing to yield the right-of-way. When prosecuting an infraction the state must establish guilt beyond a reasonable doubt. I.I.R. 7; *State v. Phillips*, 117 Idaho 23, 784 P.2d 353 (Ct.App.1989). Hence, we review this issue under the same general standards applicable to criminal convictions. *State v. Matthews*, 112 Idaho 413, 732 P.2d 382 (Ct.App.1987). A criminal conviction will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980). We are precluded from substituting our judgment for that of the trier of fact as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983).

Here, the infraction was defined by Idaho Code § 49–644 (recodified as I.C. § 49–642 (1988)) which provided:

> The driver of a vehicle about to enter or cross a highway from any place other than another highway shall yield the right of way to all vehicles approaching on the highway to be entered or crossed.

At trial, the prosecutor called Officer Biggerstaff to testify regarding his investigation leading up to the issuance of the citation. Officer Biggerstaff illustrated for the court with the aid of a blackboard how the accident occurred according to the results of his investigation. He showed the court the location of Hines' car and the

---

**2.** Selective portions of the federal Bill of Rights are applicable to the states through the Fourteenth Amendment. Article III was designated to establish the federal court system. The arti-

cle has never been applied to the states. *See State v. Bennion*, 112 Idaho at 39, 730 P.2d at 959.

pickup at the time the impact occurred. Biggerstaff also testified, and Hines confirmed, that Hines was backing his vehicle out of a parking space at the time of the collision. Biggerstaff testified further that there were no traffic lights limiting the operation of the oncoming pickup; therefore, the pickup had the right of way. Furthermore, Hines twice admitted during his testimony that he never saw the pickup prior to the collision.

Upon review of the trial court's record, we conclude there is substantial evidence upon which Judge Heise could find beyond a reasonable doubt that Hines had failed to yield the right-of-way. While conflicting evidence formed the basis of Judge Heise's determination, it was also subject to her consideration of the credibility of the witnesses and the weight to be given to their testimony. As noted above, these are matters within the trial judge's domain.

In reaching our conclusion, we are mindful of *Zolber v. Winters*, 109 Idaho 824, 712 P.2d 525 (1985) and *Reed v. Green*, 90 Idaho 526, 414 P.2d 445 (1966), cases cited by Hines. Both of those cases were civil tort actions. The appeal in *Zolber* centered on the wording of a jury instruction. The *Zolber* decision turned on the interpretation in *Reed* of the failure to yield statute.[3] *Reed* was a wrongful death action involving the driver of a truck and trailer crossing a highway from a private parking area. After waiting for two vehicles to pass, the driver looked both ways and proceeded to cross the highway. While the trailer section was crossing the highway, an automobile involved in a drag race struck the rear tires of the trailer. In interpreting the word "approach[ing]" in the Idaho statute, the *Reed* court cautioned against giving it an overly literal interpretation stating:

> Literally, this section would require the prospective entrant from a private road to yield the right of way to all vehicles on the highway regardless of where they were. This would be an unreasonable interpretation. For that reason, the courts have interpreted the section to

mean that a prospective entrant from a private road may lawfully enter a highway so long as there is no vehicle so near as to constitute an immediate hazard.

*Reed, supra* at 534, 414 P.2d at 453 (quoting *Pandell v. Hischier*, 166 Cal.App.2d 693, 333 P.2d 762 (1959)).

In this case, there is evidence, upon which the magistrate could rely, that the pickup was stopped at a stop sign in the southbound lane of Fourth Street. Hines submits that he looked back to the intersection (123 feet) before backing out his vehicle, but he maintains that he was not responsible for vehicles stopped at the stop sign in the southbound lane of the intersection. We do not agree. Due to the close proximity of Hines' vehicle to the intersection, a vehicle stopped at the intersection, but in a position to proceed forward, could constitute an immediate hazard.

In conclusion, the decision of the district court upholding the magistrate's judgment is affirmed.

BURNETT and SWANSTROM, JJ., concur.

---

**3.** *Reed* interpreted then I.C. § 49–730 which was later recodified as I.C. § 49–644, the statute involved here.